# Exhibit 1

Decision of the Vietnamese People's Supreme Court dated July 4, 2019

**PEOPLE'S COURT OF HO CHI MINH CITY**

**SOCIALIST REPUBLIC OF VIETNAM**
**Independence - Freedom - Happiness**

**Decision of cassation**
No.: 14/2019/KDTM-GĐT
Date: July 04, 2019
Re: *"Dispute on the sale and purchase of goods contract"*

**ON BEHALF OF**
**SOCIALIST REPUBLIC OF VIETNAM**

**COMMITTEE OF JUDGES - SUPREME PEOPLE'S COURT**
**IN HO CHI MINH CITY**

The members the Committee of Judges of the Supreme People's Court includes:
Judge - Chief Justice: Mr. Nguyen Huu Tri
Judges: Mr. Dang Van Thanh
Mr. Pham Trung Tuan
Court Clerk: Mr. Tran Quoc Tuan - Evaluator.

Representatives of The Supreme People's Procuracy in Ho Chi Minh City participated in the trial: Mrs. Nguyen Thi Tieu Hong, Procurator.

On July 4, 2019 at the headquarters of the Supreme People's Court in Ho Chi Minh City, the cassation hearing was opened to hear the commercial case "Disputes over sale and purchase of goods contract", between the litigants:

1. Plaintiff: Quoc Linh Construction Trading & Service Company Limited.

Address: No.115, Binh Tien 2 Hamlet , Duc Hoa Ha Commune, Duc Hoa District, Long An Province;

The authorized representative is Mr. Nguyen Ba Huy (according to the authorization document dated December 26, 2016).

Address: Room 702, 7th floor, Khang Thong Building, 67 Nguyen Thi Minh Khai Street, Ben Thanh Ward, District 1, Ho Chi Minh City

2. Defendant: Vietnam Land;

Address: Lot 8, Tan Duc Industrial Park, Duc Hoa Ha Commune, Duc Hoa District, Long An Province.

The authorized representative is Ms. Nguyen Thi Thanh (According to the authorization document dated April 18, 2017).

Address: Lot 8 Tan Duc Industrial Park, Duc Hoa Ha Commune, Duc Hoa District,

Long An Province.

3. Persons with related interests and obligations:

3.1. Tan Tao Investment and Industry Corporation;

Address: Lot 16, No.2 Street, Tan Tao Ward, Binh Chanh District, Ho Chi Minh City.

The authorized representative is Ms. Ho Thanh Van (According to the authorization document dated April 11,2017).

Address: Lot 16, No.2 Street, Tan Tao Ward, Binh Chanh District, Ho Chi Minh City.

**CONTENT OF THE CASES:**

In the lawsuit petition dated December 9, 2011 and the additional lawsuit petition dated January 14, 2014 of the plaintiff as well as during the settlement of the case, the legal representative of the plaintiff presented: December 30, 2009, Quoc Linh Construction Trading & Service Company Limited (referred to as Quoc Linh Company) and Vietnam Land (referred to as VietNam Land Company) signed 02 economic contracts, including including: Contract No. 3012A/HDKT-VNLAND-09 about Quoc Linh Company using a pump to pump sand from the barge to the area to be leveled at Tan Duc Industrial Park Phase II with the estimated volume about 500,000m3. According to the agreement, within 05 days from the date Quoc Linh Company pumps 20,000m3 of sand, VietNam Land Company will pay in installments according to the actual quantity of sand tested and accepted until the volume of the contract is completed.

From January 6, 2010 to June 18, 2010, Quoc Linh Company pumped 517,315m3 of sand worth VND 27,700,518,450. Until May 13, 2010, VietNam Land has paid Quoc Linh Company a total amount of VND 13,517,534,250, the remaining balance is VND 14,182,984,200 corresponding to the volume of sand and the amount recorded on 19 VAT invoices delivered by Quoc Linh Company to Vietnam Land. On July 5, 2020, Quoc Linh Company sent an official letter requesting Vietnam Land to pay money before July 15, 2010, if it is not paid on time, it will be fined for breach of contract and late interest will be charged. After that, Quoc Linh Company continuously sent a reminder letter for the 11th time on July 11, 2011, Vietnam Land received all documents but still did not pay. In addition, during the period from March 26, 2010 to May 29, 2010, Quoc Linh Company also sold construction materials to Vietnam Land by phone purchase. According to the debt statistics table and the warehouse receipt signed by the staff and the warehouse keeper of Vietnam Land, Vietnam Land still owes Quoc Linh Company an amount of VND 59,853,700. Now, Quoc Linh Company requires Vietnam Land to pay the following amounts:

1. The outstanding amount to be paid under the two Contracts No. 3012A/HDKT-VNLAND-09 and 3012/HDKT-VNLAND-09 is VND 14,182,984,200; fine for

violation is VND 70,914,921; the amount to pay for the purchase of construction materials is VND 59,853,700. Total: VND 14,313,752,821.

2. The overdue interest amount due to late payment from the last date of requesting Vietnam Land to pay is from July 4, 2011 to the date of first-instance trial which is January 12, 2017. It is proposed to apply a basic interest rate for late performance of 0.75%/month (09%/year) in accordance with Article 357 of the Civil Code 2015, the total amount of temporary interest is VND 7,113,935,151.

3. Because Vietnam Land is currently paying many debts and has no assets left to execute the judgments, it is recommended that the Court cancel a part of contract No. 3012/HĐKT-VNLAND-09 and contract No. 3012A/HĐKT-VNLAND-09 dated December 30, 2009 is invalid, Quoc Linh Company will recover the amount of sand corresponding to the debt that Vietnam Land has not yet paid. Or, to ensure a stable operation for the investor, it is required that Tan Tao Investment and Industry Corporation (whose abbreviation is Tan Tao Company) is enjoying the leveling sand product of the Quoc Linh Company is jointly responsible with Vietnam Land to pay all the above debts to Quoc Linh Company.

The defendant, Vietnam Land presented: Vietnam Land Company admitted to signing 02 economic contracts No. 3012A/HDKT-VNLAND 09 and contract No. 3012/HDKT-VNLAND-09 on the same dated December 30, 2009 with Quoc Linh Company on the purchase and pumping of sand and leveling for Tan Duc Industrial Park Phase II. At the time, Mr. Tran Jimmy represented Vietnam Land to sign a contract with Quoc Linh Company, Mr. Tran Jimmy colluded with some employees to overestimate the volume of sand construction in order to appropriate Vietnam Land's property, then Mr. Tran Jimmy fled abroad, so between Vietnam Land and Quoc Linh Company, the debt reconciliation has not been established as a basis for decision. Quoc Linh Company has provided receipts and received documents signed by employees without stamps and seals (circular seals) of Vietnam Land, representatives of the two companies have not yet conducted the acceptance test and confirmed the volume of sand construction according to Articles 2 and 3 of the contract, so these documents are not legal. On the other hand, in addition to Quoc Linh Company, Vietnam Land also signed sand trading contracts with many other partners to pump sand for leveling into the project, and not only receive sand from Quoc Linh Company, so Vietnam Land does not agree with all claims of Quoc Linh Company.

Persons with related rights and obligations:

The legal representative of Tan Tao Investment and Industry Corporation presented: Tan Tao Company is the investor of the Ecity Tan Duc Residential Project Phase II. On January 2, 2010, Tan Tao Company signed a ground leveling contract No. 0201/HDKT-10 with Vietnam Land with the amount of sand is 1,000,000m3, the cash value is VND 79,000,000,000. Tan Tao Company has paid all costs and fulfilled obligations under contract No. 0201/HDKT-10 dated January 2, 2010 for Vietnam Land, Tan Tao Company has nothing to do with the transaction between Vietnam Land with Quoc Linh Company so the request of lawsuit from Quoc Linh Company to recover the amount of sand leveled by Vietnam Land or ask Tan Tao Company to jointly have obligations with Vietnam Land to pay debt to Quoc Linh Company is not acceptable. Therefore, Tan Tao Company does not agree with the above claim of Quoc Linh Company.

At the First Instance Commercial Judgment No. 01/2017/KDTM-ST, dated January 16, 2017 of the People's Court of Duc Hoa District, Long An Province decided:

*1. Accepting the claim of lawsuit "Dispute over sale and purchase contract" of the plaintiff Quoc Linh Construction Trading & Service Company Limited against Vietnam Land.*

*2. Accepting the request of the plaintiff Quoc Linh Construction Trading & Service Company Limited, requesting Tan Tao Investment and Industry Corporation to cooperate with Vietnam Land to pay the debt of two economic contracts 3012A/HDKT-VNLAND-09 and 3012/HDKT-VNLAND-09 signed on December 30, 2009.*

*- Forcing Tan Tao Investment and Industry Corporation to cooperate with Vietnam Land to be responsible for paying Quoc Linh Construction Trading & Service Company Limited the principal amount is VND14,313,752, 821, interest amount of VND 7,113,935,151. Total: VND 21,427,687,000.*

In addition, the judgment also announced the court costs and fees, interest on late judgment execution and the right of appeal of the involved litigants.

On January 20, 2017, Tan Tao Investment and Industry Corporation appealed.

On January 24, 2017, Vietnam Land appealed.

In the Appellate Commercial Judgment No. 07/2017/KDTM-PT dated May 5, 2017 the People's Court of Long An Province decided:

*Not accepting the entire appeal requests of Vietnam Land; Partially accepting the appeal request of Tan Tao Investment and Industry Corporation; Partially amending the first-instance commercial judgment No. 01/2017/KDTM-ST, dated January 16, 2017 of the People's Court of Duc Hoa District, Long An Province. Pronounced:*

*1. Forcing Vietnam Land to have joint obligations together with Tan Tao Investment and Industry Corporation to pay Quoc Linh Construction Trading & Service Company*

*Limited for the principal amount and interest arising from two contracts of buying and pumping sand on December 30, 2009 total amount of VND 21,338,086,984.*

*2. Forcing Vietnam Land to be obliged to pay to Quoc Linh Construction Trading & Service Company Limited the principal and interest arising from the debt to purchase construction materials of VND 89,600,989 .*

On June 20, 2017, Tan Tao Investment and Industry Corporation proposed to consider the above-mentioned Appellate Commercial Judgment according to Cassation procedures.

At the Appeal Decision No. 84/2018/KN-KDTM dated August 3, 2018 the Chief Justice of The Supreme People's Court in Ho Chi Minh City appealed against the above appellate commercial judgment, asking The Supreme People's Court in Ho Chi Minh City tried by cassation to cancel the Appellate Commercial Judgment No. 07/2017/KDTM-PT dated May 5, 2017 of the People's Court of Long An Province and the judgment first instance commercial case No. 01/2017/KDTM-ST dated January 16, 2017 of the People's Court of Duc Hoa District, Long An Province; hand over the case file to the first-instance Court for settlement in accordance with law.

At The Court Hearing Cassation, the representative of The Supreme People's Procuracy in Ho Chi Minh City proposed to accept the protest of the Chief Justice of The Supreme People's Court in Ho Chi Minh City.

**COURT'S JUDGMENT**

[1] For contract No. 3012A/HDKT-VNLAND-09 dated September 30, 2009 with content Quoc Linh Company sold leveling sand to Vietnam Land and Contract No. 3012/HDKT-VNLAND-09 with content Quoc Linh Companyused a sand pump from the barge to the area to be leveled at Tan Duc Industrial Park Phase 2 with a volume of about 500,000m3 of sand. The parties agree that within 05 days from the date Quoc Linh Company pumps sand, Vietnam Land must pay in installments according to the actual quantity of sand pump tested and accepted until the volume according to the contract is completed. According to Quoc Linh Company, from October 6, 2010 to October 18, 2010, Quoc Linh Company pumped 517,315m3 of sand, turning it into a cash equivalent of VND 27,700,518,450. As of May 13, 2010, Vietnam Land has paid Quoc Linh Company VND 13,517,534,250, the remaining 14,182,984,200 VND has not been paid. However, Vietnam Land believes that because the parties have not made a debt reconciliation table, there is no basis to force Vietnam Land to pay this amount. During the settlement of the case, Quoc Linh Company presented 19 value-added tax invoices to Vietnam Land, with the signature of the buyer named Hoa, but it is not clear if Vietnam Land Companywhether or not to use this invoice for tax finalization while the representative of Vietnam Land does not acknowledge it. The first instance and appellate court have not verified the fact that these

invoices are used by Vietnam Land for tax finalization; has not collected evidence related to the debt reconciliation between the two parties, but believes that Vietnam Land admits to using these 19 invoices, then determine that Vietnam Land still owes the above amount is inappropriate documents and evidences in the case file.

(2). For the ground leveling contract No. 0201/HDKT-10 dated January 2, 2010 between Tan Tao Company and VietNam Land with the content: Tan Tao Company hires VietNam Land to provide sand and leveling the ground with the temporarily calculated amount of 1,000,000m3, the estimated amount is VND 79,000,000,000. During the settlement of the case, Tan Tao Company admitted that it had signed a contract to provide sand and leveling with VietNam Land, but said that it had paid enough money, and the VietNam Land Company also had no dispute over Tan Tao Company for this amount. The documents contained in the case file do not show that Tan Tao Company and Quoc Linh Company have an agreement on the sand pumping contract as well as the obligations of Tan Tao Company in payment, in other words, the Tan Tao Company is not related to the sand pumping contract signed between Quoc Linh Company and VietNam Land. Therefore, Tan Tao Company is not liable to VietNam Land for paying money to Quoc Linh Company. In case VietNam Land has a dispute with Tan Tao Company, VietNam Land may file a petition in this case or initiate a lawsuit in another case.

[3] The first-instance court hearing and appellate courts said that because Tan Tao Company is the investor of the project that benefits from the sand volume of Quoc Linh Company and Tan Tao Company cannot prove that it has paid enough money to VietNam Land so forcing Tan Tao Company to cooperate with VietNam Land to pay the above amount and interest to Quoc Linh Company is without legal basis.

For the reasons above:

## DECISION

Pursuant to Article 337; Article 343; Article 345; and Article 349 of Code of Civil Procedure, 2015;

1. Accepting the protest No. 84/2018/KN-KDTM dated August 3, 2018 of the Chief Justice of The Supreme People's Court in Ho Chi Minh City.

2. Cancel the entire Appellate Commercial Judgment No. 07/2017/KDTM-PT dated May 5, 2017 of the People's Court of Long An Province and the First-instance Commercial Judgment No. 01/2017/KDTM-ST on January 16, 2017 of the People's Court of Duc Hoa

District, Long An Province between the plaintiff, Quoc Linh Construction Trading & Service Company Limited and the defendant being Vietnam Land; The person with related rights and obligations is Tan Tao Investment and Industry Corporation; handing over the case file to the People's Court of Duc Hoa District, Long An Province for re-settlement according to first-instance procedures in accordance with law.

3. The cassation decision takes legal effect from the date of its issuance.

**ON BEHALF OF COMMITTEE OF JUDGES**
**CHIEF JUSTICE**

**Nguyen Huu Tri**

***Recipients:***
*- Chief Justice (for reporting)- Department of Legal and Scientific Management*
*- The Supreme People's Procuracy in Ho Chi Minh City*
*- People's Court of Long An province*
*- People's Court of Duc Hoa District, Long An Province;*
*- Civil Enforcement Judgment Angency of Duc Hoa District, Long An Province*
*- Litigant by address;*
*- Save: GĐKTII, LTHS, HS, THS.*

TÒA ÁN NHÂN DÂN CẤP CAO
TẠI THÀNH PHỐ HỒ CHÍ MINH

CỘNG HÒA XÃ HỘI CHỦ NGHĨA VIỆT NAM
**Độc lập - Tự do - Hạnh phúc**

**Quyết định giám đốc thẩm**
Số: 14/2019/KDTM-GĐT
Ngày: 04/7/2019
V/v: "*Tranh chấp hợp đồng mua bán hàng hoá*"

**NHÂN DANH**
**NƯỚC CỘNG HÒA XÃ HỘI CHỦ NGHĨA VIỆT NAM**

**ỦY BAN THẨM PHÁN-TÒA ÁN NHÂN DÂN CẤP CAO**
**TẠI THÀNH PHỐ HỒ CHÍ MINH**

*Thành phần Ủy ban Thẩm phán Tòa án nhân dân cấp cao gồm có:*

*Thẩm phán* – Chủ tọa phiên tòa: Ông Nguyễn Hữu Trí.

*Các Thẩm phán*: Ông Đặng Văn Thành.

Ông Phạm Trung Tuấn.



*Thư ký phiên tòa*: Ông Trần Quốc Tuấn, Thẩm tra viên.

*Đại diện Viện kiểm sát nhân dân cấp cao tại Thành phố Hồ Chí Minh tham gia phiên tòa*: Bà Nguyễn Thị Tiểu Hồng, Kiểm sát viên.

Ngày 04 tháng 7 năm 2019 tại trụ sở Tòa án nhân dân cấp cao tại Thành phố Hồ Chí Minh mở phiên tòa Giám đốc thẩm xét xử vụ án kinh doanh thương mại về "*Tranh chấp hợp đồng mua bán hàng hoá*", giữa các đương sự:

1. Nguyên đơn: Công ty TNHH Thương mại Dịch vụ Xây dựng Quốc Linh.

Địa chỉ: số 115 ấp Bình Tiên 2, xã Đức Hòa Hạ, huyện Đức Hòa, tỉnh Long An.

Đại diện theo ủy quyền là ông Nguyễn Bá Huy (Theo văn bản ủy quyền ngày 26/12/2016).

Địa chỉ: Phòng 702, Tầng 7, tòa nhà Khang Thông, số 67 Nguyễn Thị Minh Khai, phường Bến Thành, quận 1, Thành phố Hồ Chí Minh.

2. Bị đơn: Công ty cổ phần Phát triển Đô thị Việt Nam.

Địa chỉ: Lô 8, Khu công nghiệp Tân Đức, xã Đức Hòa Hạ, huyện Đức Hòa, tỉnh Long An.

Đại diện theo ủy quyền là bà Nguyễn Thị Thanh (Theo văn bản ủy quyền ngày 18/4/2017)

Địa chỉ: Lô 8, Khu công nghiệp Tân Đức, xã Đức Hòa Hạ, huyện Đức Hòa, tỉnh Long An.

3. Người có quyền lợi, nghĩa vụ liên quan:

3.1 Công ty cổ phần Đầu tư và Công nghiệp Tân Tạo.

Địa chỉ: Lô 16 đường số 2, phường Tân Tạo, huyện Bình Chánh, Thành phố Hồ Chí Minh.

Đại diện theo ủy quyền là bà Hồ Thanh Vân (Theo văn bản ủy quyền ngày 11/4/2017).

Địa chỉ: Lô 16 đường số 2, phường Tân Tạo, huyện Bình Chánh, Thành phố Hồ Chí Minh.

**NỘI DUNG VỤ ÁN:**

Trong đơn khởi kiện ngày 09 tháng 12 năm 2011 và đơn khởi kiện bổ sung ngày 14/01/2014 của nguyên đơn cũng như trong quá trình giải quyết vụ án, người đại diện hợp pháp của nguyên đơn trình bày: Ngày 30/12/2009, Công ty TNHH TM-DV-XD Quốc Linh (gọi là Công ty Quốc Linh) với Công ty cổ phần Phát triển Đô thị Việt Nam (gọi là Công ty Vietnam Land) có ký kết 02 hợp đồng kinh tế, bao gồm: Hợp đồng số 3012A/HĐKT-VNLAND- 09 về việc Công ty Quốc Linh bán cát san lấp cho Công ty Vietnam Land và Hợp đồng kinh tế số 3012/HĐKT-VNLAND- 09 về việc Công ty Quốc Linh dùng máy bơm để bơm cát từ sà lan lên khu vực cần san lấp tại công trình Khu công nghiệp Tân Đức giai đoạn II với khối lượng cát ước tính khoảng 500.000m$^3$. Theo thỏa thuận, trong vòng 05 ngày kể từ ngày Công ty Quốc Linh bơm được 20.000m$^3$ cát thì Công ty Vietnam Land sẽ thanh toán tiền từng đợt theo số lượng cát thực tế nghiệm thu cho đến khi hoàn thành khối lượng của hợp đồng.

Từ ngày 06/01/2010 đến ngày 18/06/2010, Công ty Quốc Linh đã bơm được 517.315m$^3$ cát trị giá thành tiền là 27.700.518.450 đồng. Tính đến ngày 13/5/2010, Công ty Vietnam Land đã thanh toán cho Công ty Quốc Linh tổng số tiền là 13.517.534.250 đồng, còn nợ lại 14.182.984.200 đồng tương ứng với khối lượng cát và số tiền ghi trên 19 hóa đơn giá trị gia tăng do Công ty Quốc Linh xuất giao cho Công ty Vietnam Land. Ngày 05/7/2010, Công ty Quốc Linh đã gửi Công văn yêu cầu Công ty Vietnam Land thanh toán tiền trước ngày 15/07/2010, nếu không trả đúng hạn sẽ bị phạt vi phạm theo hợp đồng và tính tiền lãi chậm trả. Sau đó, Công ty Quốc Linh liên tục gửi Công văn nhắc nhở đến lần thứ 11 vào ngày 11/07/2011, Công ty Vietnam Land có nhận đầy đủ văn bản nhưng vẫn không thanh toán. Ngoài ra, trong khoảng thời gian từ 26/03/2010 đến ngày 29/05/2010, Công ty Quốc Linh còn bán vật tư xây dựng cho Công ty Vietnam Land bằng hình thức mua hàng qua điện thoại. Căn cứ theo bảng thống kê công nợ và phiếu nhập kho hàng hóa do nhân viên và thủ kho của Công ty Vietnam Land ký nhận thì

Công ty Vietnam Land còn nợ Công ty Quốc Linh số tiền 59.853.700 đồng. Nay Công ty Quốc Linh yêu cầu Công ty Vietnam Land thanh toán những khoản tiền sau:

1. Số tiền phải thanh toán theo hai Hợp đồng số 3012A/HĐKT-VNLAND-09 và 3012/HĐKT-VNLAND-09 còn nợ là 14.182.984.200 đồng; Tiền phạt vi phạm là 70.914.921 đồng; số tiền phải thanh toán cho việc mua vật tư xây dựng là 59.853.700 đồng. Tổng cộng: 14.313.752.821 đồng.

2. Số tiền lãi quá hạn do chậm thanh toán kể từ ngày cuối cùng yêu cầu Công ty Vietnam Land thanh toán là từ ngày 04/07/2011 cho đến ngày Tòa án xét xử sơ thẩm là ngày 12/01/2017. Đề nghị áp dụng một mức lãi suất cơ bản chậm thực hiện nghĩa vụ là 0,75%/tháng (09%/năm) theo quy định Điều 357 BLDS 2015, tổng số tiền lãi tạm tính là 7.113.935.151 đồng.

3. Do hiện nay Công ty Vietnam Land đang phải thi hành trả nợ nhiều bản án, không còn tài sản nào để thi hành án nên đề nghị Tòa án tuyên hủy một phần hợp đồng số 3012/HĐKT-VNLAND 09 và hợp đồng số 3012A/HĐKT- VNLAND 09 ngày 30/12/2009 vô hiệu, Công ty Quốc Linh thu hồi số cát tương ứng với phần công nợ mà Công ty Vietnam Land chưa thanh toán. Hoặc, để đảm bảo tình hình ổn định kinh doanh cho chủ đầu tư thì yêu cầu Công ty Cổ phần Đầu tư và Công nghiệp Tân Tạo (gọi tắt là Công ty Tân Tạo) đang thụ hưởng sản phẩm cát san lấp của Công ty Quốc Linh có trách nhiệm liên đới cùng với Công ty Vietnam Land thanh toán toàn bộ các khoản nợ nêu trên cho Công ty Quốc Linh.



Bị đơn là Công ty cổ phần phát triển đô thị Việt Nam trình bày: Công ty Vietnam Land thừa nhận có ký kết 02 hợp đồng kinh tế số 3012A/HĐKT-VNLAND- 09 và số 3012/HĐKT-VNLAND- 09 cùng ngày 30/12/2009 với Công ty Quốc Linh về việc mua và bơm cát san lấp cho công trình Khu công nghiệp Tân Đức giai đoạn II. Tại thời điểm ông Trần Jimmy đại diện cho Công ty Vietnam Land ký hợp đồng với Công ty Quốc Linh, ông Trần Jimmy có hành vi cấu kết với một số nhân viên để kê khống khối lượng cát thi công nhằm chiếm đoạt tài sản của Công ty Vietnam Land, sau đó ông Trần Jimmy đã bỏ trốn ra nước ngoài nên giữa Công ty Vietnam Land với Công ty Quốc Linh chưa lập được bản đối chiếu công nợ để làm cơ sở quyết toán. Công ty Quốc Linh có cung cấp các phiếu thu, biên nhận do nhân viên ký đều không có dấu, mộc (dấu tròn) của Công ty Vietnam Land, đại diện hai công ty chưa tiến hành nghiệm thu và xác nhận khối lượng cát đã thi công theo Điều 2, Điều 3 của hợp đồng nên các chứng từ này không hợp pháp. Mặc khác, ngoài Công ty Quốc Linh ra thì Công ty Vietnam Land còn ký hợp đồng mua cát với nhiều đối tác khác để bom cát san lấp vào dự án chứ không nhận cát của riêng Công ty Quốc Linh nên Công ty Vietnam Land không đồng ý với toàn bộ yêu cầu khởi kiện của Công ty Quốc Linh.

Người có quyền lợi, nghĩa vụ liên quan:

Người đại diện hợp pháp của Công ty cổ phần Đầu tư và Công nghiệp Tân Tạo trình bày: Công ty Tân Tạo là chủ đầu tư dự án Khu dân cư Ecity Tân Đức giai đoạn II. Ngày 02/01/2010, Công ty Tân Tạo có ký hợp đồng san lấp mặt bằng số 0201/HĐKT-10 với Công ty Vietnam Land với số lượng cát là 1.000.000m$^3$, giá trị thành tiền là 79.000.000.000 đồng. Công ty Tân Tạo đã thanh toán xong các chi phí và hoàn thành nghĩa vụ đối với hợp đồng số 0201/HĐKT-10 ngày 02/01/2010 cho Công ty Vietnam Land, Công ty Tân Tạo không liên quan gì đến giao dịch giữa Công ty Vietnam Land với Công ty Quốc Linh nên yêu cầu khởi kiện của Công ty Quốc Linh đòi thu hồi số cát do Công ty Vietnam Land san lấp hoặc yêu cầu đòi Công ty Tân Tạo liên đới nghĩa vụ cùng với Công ty Vietnam Land trả nợ cho Công ty Quốc Linh là không có cơ sở chấp nhận. Do đó, Công ty Tân Tạo không đồng ý với yêu cầu khởi kiện nêu trên của Công ty Quốc Linh.

Tại Bản án kinh doanh thương mại sơ thẩm số 01/2017/KDTM-ST, ngày 16/01/2017 của Tòa án nhân dân huyện Đức Hòa, tỉnh Long An đã quyết định:

*1. Chấp nhận yêu cầu khởi kiện "Tranh chấp hợp đồng mua bán" của nguyên đơn Công ty TNHH TM - DV - Xây Dựng Quốc Linh đối với Công ty Cổ phần Phát triển Đô thị Việt Nam.*

*2. Chấp nhận yêu cầu của nguyên đơn Công ty TNHH TM - DV - Xây dựng Quốc Linh yêu cầu Công ty cổ phần Đầu tư và Công nghiệp Tân Tạo liên đới cùng với Công ty cổ phần Phát triển Đô thị Việt Nam thanh toán tiền nợ từ hai hợp đồng kinh tế 3012A/HĐKT-VNLAND-09 và 3012/HĐKT-VNLAND- 09 ký kết ngày 30/12/2009.*

*- Buộc Công ty cổ phần Đầu tư và Công nghiệp Tân Tạo liên đới cùng Công ty Cổ phần Phát triển Đô thị Việt Nam có trách nhiệm thanh toán cho Công ty TNHH TM - DV - Xây Dựng Quốc Linh số tiền nợ gốc là 14.313.752.821 đồng, tiền lãi 7.113.935.151 đồng. Tổng cộng: 21.427.687.000 đồng.*

Ngoài ra bản án còn tuyên về án phí, lệ phí, lãi suất chậm thi hành án và quyền kháng cáo của các đương sự.

Ngày 20/01/2017, Công ty cổ phần đầu tư và công nghiệp Tân Tạo kháng cáo.

Ngày 24/01/2017, Công ty cổ phần phát triển đô thị Việt Nam kháng cáo.

Tại Bản án kinh doanh thương mại phúc thẩm số 07/2017/KDTM-PT ngày 05/5/2017, Tòa án nhân dân tỉnh Long An quyết định:

*Không chấp nhận toàn bộ yêu cầu kháng cáo của Công ty cổ phần Phát triển Đô thị Việt Nam; Chấp nhận một phần yêu cầu kháng cáo của Công ty Cổ phần Đầu tư và Công nghiệp Tân Tạo; Cải sửa một phần bản án kinh doanh thương mại sơ thẩm số 01/2017/KDTM-ST, ngày 16/01/2017 của Tòa án nhân dân huyện Đức Hòa, tỉnh Long An. Tuyên xử:*

*1. Buộc Công ty cổ phần Phát triển Đô thị Việt Nam có nghĩa vụ liên đới cùng với Công ty cổ phần Đầu tư và Công nghiệp Tân Tạo thanh toán cho Công ty TNHH Thương mại Dịch vụ Xây dựng Quốc Linh số tiền nợ gốc và lãi phát sinh từ hai hợp đồng mua và bơm cát ký ngày 30/12/2009 tổng cộng là 21.338.086.984 đồng.*

*2. Buộc Công ty cổ phần Phát triển Đô thị Việt Nam có nghĩa vụ thanh toán cho Công ty TNHH Thương mại Dịch vụ Xây dựng Quốc Linh số tiền gốc và lãi phát sinh từ khoản nợ mua vật liệu xây dựng là 89.600.989 đồng.*

Ngày 20/6/2017, Công ty cổ phần Đầu tư và Công nghiệp Tân Tạo đề nghị xem xét Bản án kinh doanh thương mại phúc thẩm nói trên theo thủ tục Giám đốc thẩm.

Tại Quyết định kháng nghị số 84/2018/KN-KDTM ngày 03/8/2018, Chánh án Toà án nhân dân cấp cao tại Thành phố Hồ Chí Minh kháng nghị Bản án kinh doanh thương mại phúc thẩm nói trên, đề nghị Tòa án nhân dân cấp cao tại Thành phố Hồ Chí Minh xét xử giám đốc thẩm hủy Bản án kinh doanh thương mại phúc thẩm số 07/2017/KDTM-PT ngày 05/5/2017 của Toà án nhân dân tỉnh Long An và Bản án kinh doanh thương mại sơ thẩm số 01/2017/KDTM-ST ngày 16/01/2017 của Tòa án nhân dân huyện Đức Hoà, tỉnh Long An; giao hồ sơ vụ án cho Tòa án cấp sơ thẩm giải quyết theo quy định pháp luật.

Tại phiên tòa Giám đốc thẩm, đại diện Viện kiểm sát nhân dân cấp cao tại Thành phố Hồ Chí Minh đề nghị chấp nhận kháng nghị của Chánh án Toà án nhân dân cấp cao tại Thành phố Hồ Chí Minh.

## NHẬN ĐỊNH CỦA TÒA ÁN:

[1] Đối với Hợp đồng số 3012A/HĐKT-VNLAND-09 ngày 30/9/2009 có nội dung Công ty Quốc Linh bán cát san lấp cho Công ty Vietnam Land và Hợp đồng số 3012/HĐKT-VNLAND-09 có nội dung Công ty Quốc Linh dùng máy bơm cát từ sà lan lên khu vực cần san lấp tại công trình khu Công nghiệp Tân Đức giai đoạn 2 với khối lượng khoảng 500.000m$^3$ cát. Các bên thỏa thuận trong vòng 05 ngày kể từ ngày Công ty Quốc Linh bơm cát thì Công ty Vietnam Land phải thanh toán tiền từng đợt theo số lượng bơm cát thực tế nghiệm thu cho đến khi hoàn thành khối lượng theo hợp đồng. Theo Công ty Quốc Linh trình bày thì từ ngày 06/10/2010 đến ngày 18/10/2010, Công ty Quốc Linh đã bơm được 517.315m$^3$ cát, thành tiền là 27.700.518.450 đồng. Tính đến ngày 13/5/2010, Công ty Vietnam Land đã thanh toán cho Công ty Quốc Linh được 13.517.534.250 đồng, còn lại 14.182.984.200 đồng chưa thanh toán. Tuy nhiên, Công ty Vietnam Land cho rằng do các bên chưa lập bảng đối chiếu công nợ nên không có căn cứ buộc Công ty Vietnam Land phải trả số tiền này. Quá trình giải quyết vụ án, Công ty Quốc Linh xuất trình 19 hóa đơn giá trị gia tăng cho Công ty Vietnam Land, phía

dưới có chữ ký của người mua hàng tên là Hòa, nhưng không xác định được Công ty Vietnam Land có sử dụng hóa đơn này để quyết toán thuế hay không trong khi người đại diện của Công ty Vietnam Land không thừa nhận. Tòa án cấp sơ thẩm, phúc thẩm chưa xác minh thực tế các hóa đơn này có được Công ty Vietnam Land sử dụng vào việc quyết toán thuế hay không; chưa thu thập chứng cứ liên quan đến việc đối chiếu công nợ giữa hai bên nhưng lại cho rằng Công ty Vietnam Land thừa nhận có sử dụng 19 hóa đơn này để từ đó xác định Công ty Vietnam Land còn nợ số tiền trên là không phù hợp với tài liệu, chứng cứ có trong hồ sơ vụ án.

[2] Đối với Hợp đồng san lấp mặt bằng số 0201/HĐKT-10 ngày 02/01/2010 giữa Công ty Tân Tạo và Công ty Vietnam Land có nội dung: Công ty Tân Tạo thuê Công ty Vietnam Land cung cấp cát và san lấp mặt bằng với khối lượng cát tạm tính 1.000.000$m^3$, thành tiền ước tính là 79.000.000.000 đồng. Trong quá trình giải quyết vụ án, Công ty Tân Tạo thừa nhận có ký hợp đồng cung cấp cát và san lấp mặt bằng với Công ty Vietnam Land nhưng cho rằng đã thanh toán đủ tiền, đồng thời Công ty Vietnam Land cũng không có tranh chấp với Công ty Tân Tạo về số tiền này. Tài liệu có trong hồ sơ vụ án không thể hiện giữa Công ty Tân Tạo và Công ty Quốc Linh có thỏa thuận về hợp đồng bơm cát cũng như nghĩa vụ của Công ty Tân Tạo trong việc thanh toán tiền, hay nói cách khác thì Công ty Tân Tạo không có liên quan đến hợp đồng bơm cát ký kết giữa Công ty Quốc Linh và Công ty Vietnam Land. Vì vậy, Công ty Tân Tạo không phải chịu nghĩa vụ liên đới với Công ty Vietnam Land thanh toán tiền cho Công ty Quốc Linh. Trong trường hợp Công ty Vietnam Land có tranh chấp với Công ty Tân Tạo thì Công ty Vietnam Land có đơn yêu cầu trong vụ án này hoặc khởi kiện bằng vụ án khác.

[3] Tòa án cấp sơ thẩm và Toà án phúc thẩm cho rằng do Công ty Tân Tạo là Chủ đầu tư dự án thụ hưởng khối lượng cát của Công ty Quốc Linh và Công ty Tân Tạo không chứng minh được đã thanh toán đủ tiền cho Công ty Vietnam Land nên buộc Công ty Tân Tạo liên đới cùng Công ty Vietnam Land trả khoản tiền trên và lãi cho Công ty Quốc Linh, là không có căn cứ pháp luật.

*Vì các lẽ trên;*

**QUYẾT ĐỊNH:**

Căn cứ Điều 337; Điều 343; Điều 345; Điều 348 và Điều 349 của Bộ Luật tố tụng dân sự năm 2015;

1. Chấp nhận kháng nghị số 84/2018/KN-KDTM ngày 03/8/2018 của Chánh án Toà án nhân dân cấp cao tại Thành phố Hồ Chí Minh.

2. Hủy toàn bộ Bản án kinh doanh thương mại phúc thẩm số 07/2017/KDTM-PT ngày 05/5/2017 của Toà án nhân dân tỉnh Long An và Bản án kinh doanh thương mại sơ thẩm số 01/2017/KDTM-ST ngày 16/01/2017 của Tòa án nhân dân huyện Đức Hoà, tỉnh Long An giữa nguyên đơn là Công ty TNHH

 568

Thương mại Dịch vụ xây dựng Quốc Linh với bị đơn là Công ty cổ phần phát triển đô thị Việt Nam; Người có quyền lợi, nghĩa vụ liên quan là Công ty cổ phần đầu tư và công nghiệp Tân Tạo; giao hồ sơ vụ án cho Tòa án nhân dân huyện Đức Hoà, tỉnh Long An giải quyết lại theo thủ tục sơ thẩm đúng quy định của pháp luật.

3. Quyết định giám đốc thẩm có hiệu lực pháp luật kể từ ngày ra quyết định.

***Nơi nhận:***
- Đ/c Chánh án (để báo cáo);
- Vụ Pháp chế và Quản lý Khoa học;
- VKSNDCC tại TP.HCM;
- TAND tỉnh Long An;
- TAND huyện Đức Hoà, tỉnh Long An;
- Chi cục THADS huyện Đức Hoà, tỉnh Long An;
- Các đương sự theo địa chỉ;
- Lưu: Phòng GĐKTII, Phòng LTHS, HS, THS.

**TM. ỦY BAN THẨM PHÁN**
**THẨM PHÁN-CHỦ TỌA PHIÊN TÒA**

**Nguyễn Hữu Trí**

