# Exhibit
# 5

Decision of the Court of Appeals of Long An
dated May 5, 2017

**PEOPLE'S COURT OF**
**LONG AN PROVINCE**

Judgment No.: *07/2017/KDTM-PT*

Dated: May *5th,2017*

*Re: "Disputes over sale and*

*purchase goods contracts"*

**SOCIALIST REPUBLIC OF VIETNAM**
**Independence - Freedom - Happiness**

**ON BEHALF OF**
**SOCIALIST REPUBLIC OF VIETNAM**
**PEOPLE'S COURT OF LONG AN PROVINCE**

*- The members of The Appellate Trial Panel includes:*

Judge - Chief Justice: Mr. Le Quoc Dung

Judges: Mr. Nguyen Van Thu

Mrs. Phan Ngoc Hoang Dinh Thuc

***Court Clerk:*** Mr. Le Hong Nhat Chau - Court Clerk of the People's Court of Long An Province.

***Representatives of The People's Procuracy of Long An Province***: Mr. Nguyen Van Kiep, Procurator.

On April 28, 2017 and May 5, 2017, at the headquarters of the People's Court of Long An Province, the public appellate hearing of the commercial case was handled No. 02/2017/TLPT-KDTM on the March 13th, 2017 on the *"Disputes over sale and purchase goods contracts"*

The first-instance commercial judgment No. 01/2017/KDTM-ST dated January 16, 2017 of the People's Court of Duc Hoa District, Long An Province was appealed.

According to the decision to appellate trial this case No. 07/2017/QD-PT dated March 28, 2017, between the litigants:

1. Plaintiff: Quoc Linh Construction Trading & Service  Company Limited;
   Address: No. 115, Binh Tien 2 Hamlet, Duc Hoa Ha Commune, Duc Hoa District, Long An Province;
   The authorized representative is Mr. Nguyen Ba Huy; Address: Room 702, 7th floor, Khang Thong Building, No. 67 Nguyen Thi Minh Khai Street, Ben Thanh

Ward, District 1, Ho Chi Minh City is the authorized representative of the plaintiff (According to the authorization document dated December 26, 2016).

2. Defendant: Vietnam Land; Address: Lot 8, Tan Duc Industrial Park, Duc Hoa Ha Commune, Duc Hoa District, Long An Province.
The authorized representative is Ms. Nguyen Thi Thanh; Address: Lot 8 Tan Duc Industrial Park, Duc Hoa Ha Commune, Duc Hoa District, Long An Province is the authorized representative of the defendant (According to the authorization document dated April 18, 2017).

3. Persons with related interests and obligations: Tan Tao Investment and Industry Corporation; Address: Lot 16, No. 2 Street, Tan Tao Ward, Binh Chanh District, Ho Chi Minh City.
The legal representative of the person with related interests and obligations: Ms. Ho Thanh Van; Address: Lot 16, No. 2 Street, Tan Tao Ward, Binh Chanh District, Ho Chi Minh City (According to the authorization document dated April 11,2017).

4. Appellant: Vietnam Land is the defendant and Tan Tao Investment and Industry Corporation is the person with related rights and obligations.

*(The litigants are present)*

**THE CASE'S CONTENT**

*In the lawsuit petition dated December 9, 2011 and the additional lawsuit petition dated January 14, 2014 of the plaintiff as well as during the settlement of the case, the legal representative of the plaintiff presented:*

December 30, 2009, Quoc Linh Construction Trading & Service Company Limited (referred to as Quoc Linh Company) and Vietnam Land (referred to as VietNam Land Company) signed 02 economic contracts, including including: Contract No. 3012A/HDKT-VNLAND-09 about Quoc Linh Company using a pump to pump sand from the barge to the area to be leveled at Tan Duc Industrial Park Phase II with the estimated volume about 500,000m3.

According to the agreement, within 05 days from the date Quoc Linh Company pumps 20,000m3 of sand, VietNam Land will pay in installments according to the actual amount of sand tested and accepted until the volume of the contract is completed.

From January 6, 2010 to June 18, 2010, Quoc Linh Company pumped 517,315m3 of sand worth VND 27,700,518,450. Until May 13, 2010, VietNam Land has paid Quoc Linh Company a total amount of VND 13,517,534,250, the remaining balance is VND 14,182,984,200 corresponding to the volume of sand and the recorded amount on 19 VAT invoices delivered by Quoc Linh Company to Vietnam Land.

On July 5, 2020, Quoc Linh Company sent an official letter requesting Vietnam Land to pay money before July 15, 2010, if it is not paid on time, it will be fined for breach of contract and late interest will be charged. After that, Quoc Linh Company continuously sent a reminder letter for the 11th time on July 11, 2011, Vietnam Land received all documents but still did not pay.

In addition, during the period from March 26, 2010 to May 29, 2010, Quoc Linh Company also sold construction materials to Vietnam Land by phone purchase. According to the debt statistics table and the warehouse receipt signed by the staff and the warehouse keeper of Vietnam Land, Vietnam Land still owes Quoc Linh Company an amount of VND 59,853,700.

Now, Quoc Linh Company requires Vietnam Land to pay the following amounts:

1. The outstanding amount to be paid under the two Contracts No. 3012A/HDKT-VNLAND-09 and 3012/HDKT-VNLAND-09 is VND 14,182,984,200; fine for violation is VND 70,914,921; the amount to pay for the purchase of construction materials is VND 59,853,700. Total: VND 14,313,752,821.

2. The overdue interest amount due to late payment from the last date of requesting Vietnam Land to pay is from July 4, 2011 to the date of first-instance trial which is January 12, 2017. It is proposed to apply a basic interest rate for late performance of 0.75%/month (09%/year) in accordance with Article 357 of the Civil Code 2015, the total amount of temporary interest is VND 7,113,935,151.

3. Because Vietnam Land is currently paying many debts and has no assets left to execute the judgments, it is recommended that the Court cancel a part of contract No. 3012/HĐKT-VNLAND-09 and contract No. 3012A/HĐKT-VNLAND-09 dated December 30, 2009 is invalid, Quoc Linh Company will recover the amount of sand corresponding to the debt that Vietnam Land has not yet paid. Or, to ensure a stable operation for the investor, it is required that Tan Tao Investment and Industry Corporation (whose abbreviation is Tan Tao Company) is enjoying the leveling sand product of the Quoc Linh Company is jointly responsible with Vietnam Land to pay all the above debts to Quoc Linh Company.

- *During the settlement of the case, the authorized representative of Plaintiff presented:*
Vietnam Land admitted to sign 02 economic contracts No.3012A/HDKT-VNLAND 09 and contract No. 3012/HDKT-VNLAND-09 within the same day December 30, 2009 with Quoc Linh Company on the purchase and pumping of sand leveling for Tan Duc Industrial Park Phase II.

At the time Mr. Tran Jimmy represented Vietnam Land to sign a contract with Quoc Linh Company, Mr. Tran Jimmy colluded with some employees to overestimate the volume of construction sand in order to reave the Vietnam Land Company's property, then Mr. Tran Jimmy fled abroad, so between Vietnam Land and Quoc Linh Company, the debt reconciliation has not been established as a basis for decision. Quoc Linh Company has provided receipts and received documents signed by employees without stamps and seals (circular seals) of Vietnam Land, representatives of the two companies have not yet conducted the acceptance test and confirmed the volume of sand construction according to Articles 2 and 3 of the contract, so these documents are not legal. On the other hand, besides Quoc Linh Company, Vietnam Land also signed sand trading contracts with many other partners to pump sand for leveling into the project, not only receive sand from Quoc Linh Company, so Vietnam Land does not agree with all claims of Quoc Linh Company.

- *The authorized legal representative of Tan Tao Investment and Industry Corporation presented:*
Tan Tao Company is the investor of the E.City Tan Duc Residential Project Phase II. On January 2, 2010, Tan Tao Company signed a ground leveling contract No.0201/HDKT-10 with Vietnam Land with the amount of sand is 1,000,000m3, the value is VND 79,000,000,000. Tan Tao Company has paid the costs and fulfilled the obligations under the contract No.0201/HDKT-10 dated January 2, 2010 for Vietnam Land , Tan Tao Company has nothing to do with the transaction between Vietnam Land and Quoc Linh Company, therefore the lawsuit claims from Quoc Linh Company to recover the amount of sand leveled by Vietnam Land or ask Tan Tao Company to jointly have obligations with Vietnam Land to pay debt to Quoc Linh Company is not acceptable. Therefore, Tan Tao Company does not agree with the above claim of Quoc Linh Company.

At the First Instance Commercial Judgment No. 01/2017/KDTM-ST dated January 16, 2017 of the People's Court of Duc Hoa District, Long An Province decided:

Apply Articles 30, 35, 147, 157, 271 of Code of Civil Procedure, 2015; Articles 288, Article 130, Article 131, Article 357 of the The Civil Law, 2015; Clause 3, Article 3, Article 12, Article 13, Article 24, Article 50, Article 306, Article 319 of Commercial Law of Vietnam, 2005 and Clause 2, Article 27 of Ordinance of Court Costs and Fees of National Assembly Standing Committee No.10/ 2009/PL-UBTVQH dated February 27, 2009.

Pronounced:
1. Accepting the lawsuit claim "Dispute over sale and purchase contract" of the plaintiff Quoc Linh Company against Vietnam Land.
2. Accepting the claim of the plaintiff Quoc Linh Company requesting Tan Tao Investment and Industry Corporation to be jointly obligated with Vietnam Land to

pay the debt from two economic contracts 3012A/HDKT-VNLAND-09 and 3012/HDKT-VNLAND-09 signed on December 30, 2009.

- Forcing Tan Tao Investment and Industry Corporation to be jointly obligated with Vietnam Land to be responsible for paying Quoc Linh Company the principal amount of VND 14,313,752,821, interest amount of VND 7,113,935,151. Total: VND 21,427,687,000 (Twenty-one billion four hundred twenty-seven million six hundred and eighty-seven thousand dong).

Since the judgment creditor has a written request for judgment enforcement, the judgment debtor who is late to enforce the judgment has to pay additional interest at the average overdue debt interest rate on the market at the time of payment is corresponding to late payment time according to the provisions of Article 306 of the Commercial Law.

3. Court fee: Forcing the Vietnam Land to pay VND 129,427,687 of first-instance court fees to the state budget. The Civil Judgment Enforcement Agency of Duc Hoa District refunded Quoc Linh Company the advanced payment court fees of VND 61,156,876 which was paid according to the collection receipt No. 0017253 dated March 12, 2012.

In addition, the first instance judgment also declares the right and time appeal, and the judgment enforcement rights and obligations for the involved litigants.

On January 20, 2017, the person with interests and obligations related to Tan Tao Investment and Industry Corporation and on January 24, 2017, the defendant Vietnam Land appealed the entire first instance judgment.

At the appealed court hearing, the legal representative of the defendant appealed that: Regarding the volume of sand and the amount of VND 14,182,981,200 arising from two contracts of buying and pumping sand signed on the same day of December 30, 2009 that the Quoc Linh Company sued to claim Vietnam Land is completely unfouned. Because the receipts and received documents provided by Quoc Linh Company do not have the stamp (circular seal) of Vietnam Land, between the two companies, the acceptance test has not been carried out, and the sand volume has not been confirmed, and has not yet reconciled debts. On the other hand, according to the agreement stated in the contract, if in case Quoc Linh company has pumped enough sand in batches of 20,000m3 Vietnam Land is obliged to pay within 05 days, past the aboved deadline Quoc Linh Company has the right to stop supplying, but in fact, Quoc Linh Company still continues to pump sand so that the debt amount up to VND 14,182,981,200 is unfounded. Regarding the request for purchasing construction materials payment, since there is no purchase contract between Vietnam Land and Quoc Linh Company, there is no reconciliation and debt confirmation table, so there is no evidence to prove that Vietnam Land has purchased and still owes

money for construction materials of Quoc Linh Company. Therefore, it is proposed that the appellate trial panel amend the first-instance judgment to reject the entire claim of Quoc Linh Company.

The legal representative of Tan Tao Company appealed that: Between Tan Tao company and Vietnam Land signed the ground leveling contract on January 2, 2010 is a bilateral contract that has nothing to do with any other third party and both parties have fulfilled their obligations under the contract, have paid off all debts with full invoices and documents. Whether Vietnam Land owes money to buy and pump sand from Quoc Linh Company or not, Tan Tao Company has no obligation, between Tan Tao Company and Vietnam Land are two completely independent legal entities, and must not have a "backyard" relationship as determined by the first-instance judgment. Therefore, it is proposed that the trial panel amend the first-instance judgment not to accept Quoc Linh's request for Tan Tao Company to be jointly obligated with Vietnam Land to pay debts for Quoc Linh Company.

The lawyer defending the legitimate rights and interests of the plaintiff argued: According to the agreement on the method of delivery and acceptance, it is due to sand and acceptance directly on the barge with the witness of representatives of Vietnam Land and the representative of the supervision department, Phuong Nam Company, sent by the investor to sign the receipt and then agree to pump sand to the area to be leveled. The Quoc Linh company has delivered from January 6, 2010 to June 18, 2010 for 517,315m3 of sand with equivalent to VND 27,700,518,450, Vietnam Land has paid VND 13,517,534,250, the remaining debt is VND 14,182,984,200. Quoc Linh company issued 19 invoices showing the amount of VND 14,182,984,200 and Vietnam Land used these 19 invoices to declare and receive VAT refund. On the other hand, VietNam Land has received 11 official letters requesting to pay debts but there is no objection, so there are enough standards to determine that Vietnam Land has accepted the debt but intentionally delayed the debt payment. For the debt of construction materials, although the two parties did not sign a contract, but according to the purchase request by phone from Vietnam Land, the two sides delivered construction materials with a total value of VND 59,853,700, there is a list of debts and a warehouse receipt signed by the staff and the warehousekeeper of Vietnam Land, so this is the basis for determining the debt repayment obligation of Vietnam Land. Therefore, it is proposed that the Trial Panel uphold the first-instance judgment of forcing Vietnam Land to pay the principal and interest on late payment for a total of VND 21,427,687,000.

Tan Tao Company is the investor of E.City Tan Duc Residential Project Phase II. According to contract No. 0201/HDKT-10 dated January 2, 2010 showing that Tan Tao

Company bought 1,000,000m3 of VietNam Land with a value of VND 79,000,000,000. Tan Tao Company states that the contract has been settled with VietNam Land, but the evidence provided by Tan Tao Company is the payment order only state in general "Payment for construction fee" but not specifically is the settlement for any contract, so there is no evidence to prove that Tan Tao Company has fulfilled its payment obligation to VietNam Land, so the amount of sand that Quoc Linh company pumps into the project is now Tan Tao is benefiting, so it is obliged to return the object or pay the money. If calculated at the current sand price of about 110,000 VND/m3, the debt amount is VND 14,182,984,200 equivalent to the volume of 264,000m3. The amount Tan Tao Company has to pay is about VND 30,000,000,000 so Quoc Linh Company requires Tan Tao Company to be jointly obligated with Vietnam Land to pay the principal and interest arising from the two contracts buying and pumping sand on December 30, 2009 with a total cost of VND 21,338,086,984 is beneficial for Tan Tao Company so suggest the trial panel to accept. For the principal and interest owed to building materials, Quoc Linh Company does not require Tan Tao Company to jointly pay.

The representative of the People's Procuracy of Long An Province participated in the court session to comment on the part of the procedure that ensures the regulations. Regarding the content of the dispute: According to the agreement on the method of delivery and receipt of goods and the acceptance method is directly done on the barge, Quoc Linh Company has issued an invoice, the staff of Vietnam Land has signed for confirmation in terms of volume and Vietnam Land used 19 invoices showing the remaining debt amount of VND 14,182,984,200 to complete tax reporting procedures and receive VAT refund. Therefore, the first-instance judgment forcing Vietnam Land to pay Quoc Linh Company principal and interest totaling VND 21,427,687,000 is founded. Because Tan Tao Company is the investor who is enjoying the sand leveling product of Quoc Linh Company, but has not fully proved the payment and does not have a clear record of acceptance and liquidation for the contract buying sand with VietNam Land, so the first-instance judgment forcing Tan Tao Company to have joint obligations with Vietnam Land to pay debts to Quoc Linh Company is founded. However, for the amount owed from the purchase and sale of construction materials, Tan Tao Company has no benefit, so it does not have to perform related obligations. Proposing the trial panel amend a part of the first-instance judgment, forcing Tan Tao Company to be jointly obliged with VietNam Land Company to pay the principal amount and late payment interest arising from the two contracts of buying and pumping sand signed on December 13, 2009 a total of VND 21,338,086,984; forcing VietNam Land to pay Quoc Linh Company the debts of buying construction materials with total principal and interest of VND 89,600,989.

## COURT'S JUDGMENT

- **Regarding legal proceedings:** Quoc Linh Company sued Vietnam Land, whose head office is located in Tan Duc Industrial Park, Duc Hoa District about the dispute over the sale and purchase contract which is a dispute arising in business activities between a legal entity and a legal entity has the purpose of making profit, so the People's Court of Duc Hoa District, based on Articles 30, 35 and 39 of the Code of Civil Procedure, 2015 accepts and settles the case according to the law first-instance procedure is properly authorized.

- **About content:**
  According to the agreement between the parties, because the sand to be leveled is a specific type of goods, it is agreed to on-site acceptance on the barge and then pumped to the area to be leveled. By delivery and acceptance according to this agreement, from January 6, 2010 to June 18, 2010, Quoc Linh Company pumped 517,315m3 of sand equivalent to the cost of sand and pumping fee respectively VND 27,700,518,450, Vietnam Land has paid VND 13,517,534,250, the remaining amount is VND 14,182,984,200 which has not been paid yet.

At the court hearing, Vietnam Land said that the receipts and received document provided by Quoc Linh Company did not have the stamp and seal (circular seal) of Vietnam Land, and the two companies had not yet conducted the acceptance test, has not confirmed the amount of construction sand and has not reconciled the debt, so they do not agree to pay the amount of VND 14,182,984,200. After reviewing the content of the receipts presented by Quoc Linh Company, it shows that Vietnam Land has sent employees Mr. Pham Van Thuong, Nguyen Van Teo and Nguyen Ngoc Tong to inspect, measure and sign confirm, affixed seal on the receipt. In addition, there are also signatures of Mr. Hoang Anh, Mr. Nguyen Hung... who are representatives of Phuong Nam Company - the supervisory sent by the investor to supervise and sign the receipt, Security Team and the Technical Department of Tan Duc Industrial Park also sent Mr. Vu Tien Ngoc, Ho Van Tai, Nguyen Duc Em... to supervise and sign for confirmation. On that basis, Quoc Linh Company has just made a new table to set up a summary table of sand delivery and sand pumping for Vietnam Land to sign for comparison and as a basis for issuing invoices. Vietnam Land admitted to using 19 invoices showing the outstanding amount of VND 14,182,984,200 for VAT refund procedures. On the other hand, VietNam Land has received 11 official letters requesting debt payment but there is no objection about the amount of goods received. Therefore, there are standards to prove that Vietnam Land owes

Quoc Linh Company an amount of VND 14,182,984,200. The first-instance judgment accepted the request of Quoc Linh Company, forcing Vietnam Land to pay Quoc Linh Company the amount of principal and interest arising from the two contracts of buying and pumping sand signed on December 30, 2009 total amount of VND 21,338,086,984 is suitable.

Considering that, Tan Tao Company is the investor of the Ecity Tan Duc residential project phase II. Pursuant to the contract No. 0201/HDKT-10 dated January 2, 2010 showing the amount of sand Vietnam Land levels for the investor is 1,000,000m3, the value is VND 79,000,000,000. Tan Tao Company states that it has fully paid the obligations under the contract No. 0201/HDKT-10 dated January 2, 2010 for VietNam Land. However, Tan Tao Company did not provide sufficient documents to prove the payment for 1,000,000m3 to Vietnam Land. The payment orders presented by Tan Tao Company only had one payment order dated January 25, 2010 stating "Advance payment of 20% of contract No. 0201/HDKT-10...", the rest of the orders stated in general "Payment of construction fee" does not show the final settlement for any project, while in fact Tan Tao Company is the investor who is enjoying the sand leveling product of Quoc Linh Company. Currently, Vietnam Land is executing many different judgments with the amount of judgment enforcement over VND 31,000,000,000, but there was no condition for execution, so Quoc Linh Company requested to declare a part of the sale and purchase contract invalid to reclaim the amount of sand pumped into the project that Tan Tao is benefiting. However, because there have been many construction works on it, it is not possible to force Tan Tao Company to refund in kind the amount of sand it is enjoying but must convert to a cash value at the time of payment is VND 14,182,984,200 , Vietnam Land owes approximately 264,000m3 of sand to the project Tan Tao company is developing beneficiaries, if calculated according to the current price of sand in Document No. 1111/CBG-SXD dated April 24, 2017 of the Department of Construction of Long An province on the announcement of the price of construction materials in April 2007, the backfill sand is worth is 125,000 VND/m3, the amount Tan Tao Company is obliged to pay is up to about 33,000,000,000 VND. Therefore, the lawyer's proposal to protect the legitimate rights and interests of the plaintiff suggested that the Trial Panel force Tan Tao Company to have joint obligations with Vietnam Land to pay Quoc Linh Company the amount of principal and interest arising from the two contracts of buying and pumping sand signed on December 30, 2009 totaling VND 21,338,086,984 is lower than the value of assets that Tan Tao Company is benefiting from, so there is a basis for acceptance.

For the principal and interest owed to construction materials, at the appellate court Quoc Linh Company did not ask Tan Tao Company to jointly pay so it did not consider

the responsibility of Tan Tao Company and partially modified the court judgment of first instance court for this amount.

Court fees: The first-instance judgment only forced Vietnam Land to bear the first-instance commercial court costs was incorrect, but had to force Tan Tao Company jointly with Vietnam Land to bear the first-instance commercial court costs. corresponding to the amount that Tan Tao Company is jointly obliged to pay to Quoc Linh Company. In addition, Vietnam Land must also bear the first-instance commercial court fees corresponding to the debt of construction materials paid to Quoc Linh Company. The litigants do not have to bear appellate commercial court costs.

Other clauses which are not appealed or protested have legal effect.
For the reasons above;
Pursuant to Clause 2, Article 308 of Code of Civil Procedure, 2005.

## DECISION

Not accepting the entire appeal request of Vietnam Land; Partially accepting the appeal request of Tan Tao Investment and Industry Corporation; partially amending the first-instance commercial judgment No. 01/02/KDTM-ST, dated January 16, 2017 of the People's Court of Duc Hoa District, Long An Province.

Apply Articles 30, 35, 147, 157, 271 of Code of Civil Procedure, 2015; Articles 288, Article 130, Article 131, Article 357 of the The Civil Code Law, 2015; Clause 3, Article 3, Article 12, Article 13, Article 24, Article 50, Article 306, Article 319 of Commercial Law, 2005 and Clause 2, Article 27 of Ordinance on Court costs and fees of National Assembly Standing Committee No.10/2009/PL-UBTVQH dated February 27, 2009.
Pronounced:

1. Forcing Vietnam Land to have a joint obligation together with Tan Tao Investment and Industry Corporation to pay Quoc Linh Company with the principal amount owed and interest arising from two contracts of buying and pumping sand signed on December 30, 2009 totaling VND 21,338,086,984 (Twenty-one billion three hundred thirty-eight million and eighty six thousand nine hundred and eighty-four dong).

2.  Forcing Vietnam Land to be obliged to pay Quoc Linh Company the principal and interest arising from the debt to buy construction materials of VND 89,600,989 (Eight ninety-nine million six hundred thousand nine hundred and eighty-nine dong).

    From the date of the judgment creditor's written request for judgment enforcement, until the money is fully executed, the judgment debtor must additionally pay the judgment creditor the interest calculated at the average overdue interest rate in the market corresponds to the amount and time unexecuted in accordance with Article 306 of the Commercial Law.

3.  Court fee:

    -   Forcing Vietnam Land to have joint obligations together with Tan Tao Investment and Industry Corporation to pay VND 129,338,087 (One hundred and twenty nine million three hundred thirty eight thousand and eighty-seven dong) of the first-instance commercial court fee, but deducting advanced payment court fee of VND 2,000,000 paid by the Vietnam Land according to the receipt number 0009842, dated 06/ 02/2007 and advanced payment court fee of VND 2,000,000 paid by Tan Tao Investment and Industry Corporation according to the receipt number 0009843 dated February 6, 2007 of the Civil Judgment Enforcement Agency of Duc Hoa District.

    -   Forcing the Vietnam Land to pay VND 4,480,049 (Four million, four hundred and eighty thousand, and forty-nine dong) first-instance commercial court fees to the State budget.

    -   Refund to Quoc Linh Company the advanced payment court fee of VND 61,156,876 (Sixty one million one hundred and fifty six thousand eight hundred and seventy six dong) according to the receipt number 0017233 dated March 12, 2012 of the Civil Judgment Enforcement Agency of Duc Hoa District.

In cases where the judgment, decision is enforced according to the provisions of Article 2 of the Law on Enforcement of Civil Judgments, the civil judgment creditor and the civil judgment debtor have the right to agree on judgment enforcement, the right to request the enforcement of the judgment, voluntarily execute civil judgments or be coerced

to execute judgments according to the provisions of Articles 6, 7 and 9 of the Law on Enforcement of Civil Judgments; The statute of limitations for judgment enforcement shall comply with the provisions of Article 30 of the Law on Enforcement of Civil Judgments.

The public appellate judgment takes effect.

*Recipients:*
*- The Supreme People's Court in Ho Chi Minh City;*
*- People's Procuracy of Long An Province;*
*- People's Court of Duc Hoa District;*
*- The Civil Judgment Enforcement Agency of Duc Hoa District;*
*- Litigants;*
*- Save: Documents.*

**ON BEHALF OF APPELLATE TRIAL PANEL**
**CHIEF JUSTICE**

**Le Quoc Dung**

**TÒA ÁN NHÂN DÂN**
**TỈNH LONG AN**

**CỘNG HÒA XÃ HỘI CHỦ NGHĨA VIỆT NAM**
**Độc lập - Tự do - Hạnh phúc**

Bản án số: 07/2017/KDTM-PT
Ngày: 05/05/2017
*V/v "Tranh chấp HĐMB*
*hàng hóa"*

**NHÂN DANH**
**NƯỚC CỘNG HÒA XÃ HỘI CHỦ NGHĨA VIỆT NAM**
**TÒA ÁN NHÂN DÂN TỈNH LONG AN**

**- *Thành phần Hội đồng xét xử phúc thẩm gồm có:***

*Thẩm phán – Chủ toạ phiên tòa:* Ông Lệ Quốc Dũng

*Các Thẩm phán:* Ông Nguyễn Văn Thu

Bà Phan Ngọc Hoàng Đình Thục

**- *Thư ký phiên tòa:*** Ông Lê Hồng Nhật Châu, Thư ký Tòa án nhân dân tỉnh Long An.

**- *Đại diện Viện Kiểm sát nhân dân tỉnh Long An:*** Ông Nguyễn Văn Kiệp, Kiểm sát viên tham gia phiên tòa.

Trong các ngày 28 tháng 04 năm 2017 và ngày 05 tháng 05 năm 2017, tại trụ sở Tòa án nhân dân tỉnh Long An xét xử phúc thẩm công khai vụ án kinh doanh thương mại thụ lý số 02/2017/TLPT-KDTM ngày 13/03/2017 về việc *"Tranh chấp hợp đồng mua bán hàng hóa".*

Do bản án kinh doanh thương mại sơ thẩm số 01/2017/KDTM-ST, ngày 16/01/2017 của Tòa án nhân dân huyện Đức Hòa, tỉnh Long An bị kháng cáo.

Theo quyết định đưa vụ án ra xét xử phúc thẩm số 07/2017/QĐ-PT ngày 28 tháng 3 năm 2017, giữa các đương sự:

1. Nguyên đơn: Công ty TNHH Thương mại Dịch vụ Xây dựng Quốc Linh; Địa chỉ: Số 115, ấp Bình Tiền 2, xã Đức Hòa Hạ, huyện Đức Hòa, tỉnh Long An.

Người đại diện hợp pháp của nguyên đơn: Ông Nguyễn Bá Huy; Địa chỉ: Phòng 702, tầng 7, tòa nhà Khang Thông, số 67 đường Nguyễn Thị Minh Khai, phường Bến Thành, quận 1, thành phố Hồ Chí Minh là người đại diện theo ủy quyền của nguyên đơn (được ủy quyền theo văn bản ủy quyền ngày 26/12/2016).

Người bảo vệ quyền và lợi ích hợp pháp của nguyên đơn: Bà Trương Thị Hòa; Địa chỉ: Số 91 đường Nguyễn Du, phường Bến Nghé, quận 1, thành phố Hồ Chí Minh là Luật sư của Văn phòng luật sư Trương Thị Hòa thuộc Đoàn luật sư thành phố Hồ Chí Minh và bà Lê Thị Hoài Giang; Địa chỉ: Phòng 702, tầng 7, tòa nhà Khang Thông, số 67 đường Nguyễn Thị Minh Khai, phường Bến

Thành, quận 1, thành phố Hồ Chí Minh là Luật sư của Văn phòng luật sư Lê Nguyễn thuộc Đoàn luật sư thành phố Hồ Chí Minh.

2. Bị đơn: Công ty Cổ phần Phát triển Đô thị Việt Nam; Địa chỉ: Lô 8, khu công nghiệp Tân Đức, xã Đức Hòa Hạ, huyện Đức Hòa, tỉnh Long An.

Người đại diện hợp pháp của bị đơn: Bà Nguyễn Thị Thanh; Địa chỉ: Lô 8, khu công nghiệp Tân Đức, xã Đức Hòa Hạ, huyện Đức Hòa, tỉnh Long An là người đại diện theo ủy quyền của bị đơn (được ủy quyền theo văn bản ủy quyền ngày 18/4/2017).

3. Người có quyền lợi, nghĩa vụ liên quan: Công ty Cổ phần Đầu tư và Công nghiệp Tân Tạo; Địa chỉ: Lô 16, đường Số 2, phường Tân Tạo, huyện Bình Chánh, thành phố Hồ Chí Minh.

Người đại diện hợp pháp của người có quyền lợi, nghĩa vụ liên quan: Bà Hồ Thanh Vân; Địa chỉ: Lô 16, đường Số 2, phường Tân Tạo, huyện Bình Chánh, thành phố Hồ Chí Minh (được ủy quyền theo văn bản ủy quyền ngày 11/4/2017).

4. Người kháng cáo: Công ty Cổ phần Phát triển Đô thị Việt Nam là bị đơn và Công ty Cổ phần Đầu tư và Công nghiệp Tân Tạo là người có quyền lợi, nghĩa vụ liên quan.

*(Các đương sự đều có mặt)*

### NỘI DUNG VỤ ÁN

*Trong đơn khởi kiện ngày 09 tháng 12 năm 2011 và đơn khởi kiện bổ sung ngày 14/01/2014 của nguyên đơn cũng như trong quá trình giải quyết vụ án, người đại diện hợp pháp của nguyên đơn trình bày:*

Ngày 30/12/2009, Công ty TNHH TM-DV-XD Quốc Linh (gọi là Công ty Quốc Linh) với Công ty Cổ phần Phát triển Đô thị Việt Nam (gọi là Công ty Vietnam Land) có ký kết 02 hợp đồng kinh tế, bao gồm: Hợp đồng số 3012A/HĐKT-VNLAND- 09 về việc Công ty Quốc Linh bán cát san lấp cho Công ty Vietnam Land và Hợp đồng kinh tế số 3012/HĐKT-VNLAND- 09 về việc Công ty Quốc Linh dùng máy bơm để bơm cát từ sà lan lên khu vực cần san lấp tại công trình Khu công nghiệp Tân Đức giai đoạn II với khối lượng cát ước tính khoảng 500.000m$^3$.

Theo thỏa thuận, trong vòng 05 ngày kể từ ngày Công ty Quốc Linh bơm được 20.000m$^3$ cát thì Công ty Vietnam Land sẽ thanh toán tiền từng đợt theo số lượng cát thực tế nghiệm thu cho đến khi hoàn thành khối lượng của hợp đồng.

Từ ngày 06/01/2010 đến ngày 18/06/2010, Công ty Quốc Linh đã bơm được 517.315m$^3$ cát trị giá thành tiền là 27.700.518.450đồng. Tính đến ngày 13/5/2010, Công ty Vietnam Land đã thanh toán cho Công ty Quốc Linh tổng số tiền là 13.517.534.250đồng, còn nợ lại 14.182.984.200đồng tương ứng với khối lượng cát và số tiền ghi trên 19 hóa đơn giá trị gia tăng do Công ty Quốc Linh xuất giao cho Công ty Vietnam Land.

Ngày 05/7/2010, Công ty Quốc Linh đã gửi Công văn yêu cầu Công ty Vietnam Land thanh toán tiền trước ngày 15/07/2010, nếu không trả đúng hạn sẽ bị phạt vi phạm theo hợp đồng và tính tiền lãi chậm trả. Sau đó, Công ty Quốc Linh liên tục gửi Công văn nhắc nhở đến lần thứ 11 vào ngày 11/07/2011, Công ty Vietnam Land có nhận đầy đủ văn bản nhưng vẫn không thanh toán.

Ngoài ra, trong khoảng thời gian từ 26/03/2010 đến ngày 29/05/2010, Công ty Quốc Linh còn bán vật tư xây dựng cho Công ty Vietnam Land bằng hình thức mua hàng qua điện thoại. Căn cứ theo bảng thống kê công nợ và phiếu nhập kho hàng hóa do nhân viên và thủ kho của Công ty Vietnam Land ký nhận thì Công ty Vietnam Land còn nợ Công ty Quốc Linh số tiền 59.853.700đồng.

Nay Công ty Quốc Linh yêu cầu Công ty Vietnam Land thanh toán những khoản tiền sau:

1. Số tiền phải thanh toán theo hai Hợp đồng số 3012A/HĐKT-VNLAND-09 và 3012/HĐKT-VNLAND- 09 còn nợ là 14.182.984.200đồng; Tiền phạt vi phạm là 70.914.921đồng; Số tiền phải thanh toán cho việc mua vật tư xây dựng là 59.853.700đồng. Tổng cộng: 14.313.752.821đồng.

2. Số tiền lãi quá hạn do chậm thanh toán kể từ ngày cuối cùng yêu cầu Công ty Vietnam Land thanh toán là từ ngày 04/07/2011 cho đến ngày Tòa án xét xử sơ thẩm là ngày 12/01/2017. Đề nghị áp dụng một mức lãi suất cơ bản chậm thực hiện nghĩa vụ là 0,75%/tháng (09%/năm) theo quy định Điều 357 BLDS 2015, tổng số tiền lãi tạm tính là 7.113.935.151đồng. 

3. Do hiện nay Công ty Vietnam Land đang phải thi hành trả nợ nhiều bản án, không còn tài sản nào để thi hành án nên đề nghị Tòa án tuyên hủy một phần hợp đồng số 3012/HĐKT-VNLAND 09 và hợp đồng số 3012A/HĐKT-VNLAND 09 ngày 30/12/2009 vô hiệu, Công ty Quốc Linh thu hồi số cát tương ứng với phần công nợ mà Công ty Vietnam Land chưa thanh toán. Hoặc, để đảm bảo tình hình ổn định kinh doanh cho chủ đầu tư thì yêu cầu Công ty Cổ phần Đầu tư và Công nghiệp Tân Tạo (gọi tắt là Công ty Tân Tạo) đang thụ hưởng sản phẩm cát san lấp của Công ty Quốc Linh có trách nhiệm liên đới cùng với Công ty Vietnam Land thanh toán toàn bộ các khoản nợ nêu trên cho Công ty Quốc Linh.

*- Trong quá trình giải quyết vụ án, người đại diện hợp pháp của bị đơn trình bày*:

Công ty Vietnam Land thừa nhận có ký kết 02 hợp đồng kinh tế số 3012A/HĐKT-VNLAND- 09 và số 3012/HĐKT-VNLAND- 09 cùng ngày 30/12/2009 với Công ty Quốc Linh về việc mua và bơm cát san lấp cho công trình Khu công nghiệp Tân Đức giai đoạn II.

Tại thời điểm ông Trần Jimmy đại diện cho Công ty Vietnam Land ký hợp đồng với Công ty Quốc Linh, ông Trần Jimmy có hành vi cấu kết với một số nhân viên để kê khống khối lượng cát thi công nhằm chiếm đoạt tài sản của Công ty Vietn Land, sau đó ông Trần Jimmy đã bỏ trốn ra nước ngoài nên giữa Công ty Vietnam Land với Công ty Quốc Linh chưa lập được bảng đối chiếu

công nợ để làm cơ sở quyết toán. Công ty Quốc Linh có cung cấp các phiếu thu, biên nhận do nhân viên ký đều không có dấu, mộc (dấu tròn) của Công ty Vietnam Land, đại diện hai công ty chưa tiến hành nghiệm thu và xác nhận khối lượng cát đã thi công theo Điều 2, Điều 3 của hợp đồng nên các chứng từ này không hợp pháp. Mặc khác, ngoài Công ty Quốc Linh ra, Công ty Vietnam Land còn ký hợp đồng mua cát với nhiều đối tác khác để bơm cát san lấp vào dự án chứ không nhận cát của riêng Công ty Quốc Linh nên Công ty Vietnam Land không đồng ý với toàn bộ yêu cầu khởi kiện của Công ty Quốc Linh.

*- Người đại diện hợp pháp của Công ty Cổ phần Đầu tư và Công nghiệp Tân Tạo trình bày:*

Công ty Tân Tạo là chủ đầu tư dự án Khu dân cư Ecity Tân Đức giai đoạn II. Ngày 02/01/2010, Công ty Tân Tạo có ký hợp đồng san lấp mặt bằng số 0201/HĐKT-10 với Công ty Vietnam Land với số lượng cát là 1.000.000m³, giá trị thành tiền là 79.000.000.000đồng. Công ty Tân Tạo đã thanh toán xong các chi phí và hoàn thành nghĩa vụ đối với hợp đồng số 0201/HĐKT-10 ngày 02/01/2010 cho Công ty Vietnam Land. Công ty Tân Tạo không liên quan gì đến giao dịch giữa Công ty Vietnam Land với Công ty Quốc Linh nên yêu cầu khởi kiện của Công ty Quốc Linh đòi thu hồi số cát do Công ty Vietnam Land san lấp hoặc yêu cầu đòi Công ty Tân Tạo liên đới nghĩa vụ cùng với Công ty Vietnam Land trả nợ cho Công ty Quốc Linh là không có cơ sở chấp nhận. Do đó, Công ty Tân Tạo không đồng ý với yêu cầu khởi kiện nêu trên của Công ty Quốc Linh.

Tại bản án kinh doanh thương mại sơ thẩm số 01/2017/KDTM-ST, ngày 16/01/2017 của Tòa án nhân dân huyện Đức Hòa đã quyết định:

Áp dụng Điều 30, Điều 35, 147, 157, 271 BLTTDS năm 2015; Điều 288, Điều 130, Điều 131, Điều 357 BLDS năm 2015; khoản 3 Điều 3, Điều 12, Điều 13, Điều 24, Điều 50, Điều 306, Điều 319 Luật thương mại năm 2005 và khoản 2 điều 27 Pháp lệnh án phí lệ phí Tòa án của UBTVQH số 10/2009/PL-UBTVQH 12 ngày 27/02/2009.

Tuyên xử:

1. Chấp nhận yêu cầu khởi kiện "Tranh chấp hợp đồng mua bán" của nguyên đơn Công ty TNHH TM - DV - Xây Dựng Quốc Linh đối với Công ty Cổ phần Phát triển Đô thị Việt Nam.

2. Chấp nhận yêu cầu của nguyên đơn Công ty TNHH TM - DV - Xây Dựng Quốc Linh yêu cầu Công ty Cổ phần Đầu tư và Công nghiệp Tân Tạo liên đới cùng với Công ty Cổ phần Phát triển Đô thị Việt Nam thanh toán tiền nợ từ hai hợp đồng kinh tế 3012A/HĐKT-VNLAND-09 và 3012/HĐKT-VNLAND-09 ký kết ngày 30/12/2009.

- Buộc Công ty Cổ phần Đầu tư và Công nghiệp Tân Tạo liên đới cùng Công ty Cổ phần Phát triển Đô thị Việt Nam có trách nhiệm thanh toán cho Công ty TNHH TM - DV - Xây Dựng Quốc Linh số tiền nợ gốc là 14.313.752.821đồng,

4

tiền lãi 7.113.935.151đồng. Tổng cộng: 21.427.687.000đồng (Hai mươi mốt tỷ bốn trăm hai mươi bảy triệu sáu trăm tám mươi bảy ngàn đồng).

Kể từ khi người được thi hành án có đơn yêu cầu thi hành án số tiền người phải thi hành án chậm thi hành phải trả thêm lãi suất theo mức lãi suất nợ quá hạn trung bình trên thị trường tại thời điểm thanh toán tương ứng với thời gian chậm trả theo quy định Điều 306 luật Thương Mại.

3. Về án phí: Buộc Công ty Cổ phần Phát triển Đô thị Việt Nam nộp 129.427.687đồng án phí KDTM sơ thẩm sung công quỹ Nhà nước. Chi Cục thi hành án dân sự huyện Đức Hòa hoàn lại cho Công ty TNHH TM - DV - Xây Dựng Quốc Linh tiền tạm ứng án phí 61.156.876đồng đã nộp theo biên lai thu số 0017253 ngày 12 tháng 3 năm 2012.

Ngoài ra, án sơ thẩm còn tuyên quyền và thời hạn kháng cáo, quyền và nghĩa vụ thi hành án đối với các đương sự.

Ngày 20/01/2017, người có quyền lợi, nghĩa vụ liên quan Công ty Cổ phần Đầu tư và Công nghiệp Tân Tạo và ngày 24/01/2017, bị đơn Công ty Cổ phần Phát triển Đô thị Việt Nam kháng cáo toàn bộ bản án sơ thẩm.

Tại phiên tòa phúc thẩm, người đại diện hợp pháp của bị đơn kháng cáo cho rằng: Về khối lượng cát và khoản tiền 14.182.981.200đồng phát sinh từ hai hợp đồng mua và bơm cát ký cùng ngày 30/12/2009 mà phía Công ty Quốc Linh khởi kiện đòi Công ty Vietnam Land là hoàn toàn không có cơ sở pháp lý. Bởi vì, các phiếu thu, biên nhận do phía Công ty Quốc Linh cung cấp đều không có dấu, mộc (dấu tròn) của Công ty Vietnam Land, giữa hai Công ty chưa tiến hành nghiệm thu, chưa xác nhận khối lượng cát đã thi công và cũng chưa đối chiếu công nợ. Mặt khác, theo thỏa thuận ghi trong hợp đồng, nếu trong trường hợp bên Công ty Quốc Linh đã bơm đủ khối lượng cát từng đợt là 20.000m³ thì Công ty Vietnam Land có nghĩa vụ thanh toán tiền trong thời hạn trên 05 ngày, quá thời hạn trên Công ty Quốc Linh được quyền ngưng cung cấp, nhưng thực tế phía Công ty Quốc Linh vẫn tiếp tục bơm cát để số nợ lên đến 14.182.981.200đồng là không có cơ sở. Đối với yêu cầu thanh toán tiền mua vật liệu xây dựng, do giữa Công ty Vietnam Land với Công ty Quốc Linh không có ký hợp đồng mua bán và cũng không có bảng đối chiếu, xác nhận công nợ nên không có căn cứ chứng minh Công ty Vietnam Land có mua và còn nợ tiền vật liệu xây dựng của Công ty Quốc Linh. Do đó, đề nghị Hội đồng xét xử phúc thẩm cải sửa án sơ thẩm bác toàn bộ yêu cầu khởi kiện của Công ty Quốc Linh.

Người đại diện hợp pháp của Công ty Tân Tạo kháng cáo trình bày rằng: Giữa Công ty Tân Tạo với Công ty Vietnam Land ký hợp đồng san lấp mặt bằng ngày 02/01/2010 là hợp đồng song vụ không liên quan gì đến một bên thứ ba nào khác và hai bên đã hoàn tất nghĩa vụ của hợp đồng, đã thanh quyết toán công nợ xong với đầy đủ hóa đơn chứng từ. Việc Công ty Vietnam Land có nợ tiền mua và bơm cát của Công ty Quốc Linh hay không phía Công ty Tân Tạo không có nghĩa vụ gì, vì giữa Công ty Tân Tạo với Công ty Vietnam Land là hai pháp nhân hoàn toàn độc lập chứ không phải có mối quan hệ "sân sau" như bản án sơ thẩm nhận định. Do đó, đề nghị Hội đồng xét xử cải sửa bản án sơ thẩm

không chấp nhận yêu cầu của Công ty Quốc Linh đòi Công ty Tân Tạo liên đới nghĩa vụ với Công ty Vietnam Land để thanh toán nợ cho Công ty Quốc Linh.

Luật sư bảo vệ quyền và lợi ích hợp pháp của nguyên đơn phát biểu tranh luận: Theo thỏa thuận về cách thức giao hàng và nghiệm thu là đo cát và nghiệm thu trực tiếp trên sà lan với sự chứng kiến của người đại diện Công ty Vietnam Land và đại diện đơn vị giám sát là Công ty Phương Nam do chủ đầu tư cử đến ký tên vào biên nhận hàng rồi đồng ý cho bơm cát lên vị trí cần san lấp. Phía Công ty Quốc Linh đã giao hàng từ ngày 06/01/2010 đến ngày 18/06/2010 được 517.315m$^3$ cát tính thành tiền là 27.700.518.450đồng, Công ty Vietnam Land đã thanh toán 13.517.534.250đồng, còn nợ lại là 14.182.984.200đồng. Công ty Quốc Linh đã xuất 19 hóa đơn thể hiện số tiền nợ 14.182.984.200đồng và Công ty Vietnam Land đã sử dụng 19 hóa đơn này kê khai nhận tiền hoàn thuế VAT. Mặc khác, Công ty Vietnam Land đã nhận được 11 Công văn yêu cầu thanh toán nợ nhưng không có sự phản đối gì cho nên đã có đủ căn cứ xác định Công ty Vietnam Land đã chấp nhận khoản nợ nhưng lại cố tình trì hoãn việc thanh toán nợ. Đối với khoản nợ vật liệu xây dựng, tuy hai bên không ký hợp đồng nhưng theo yêu cầu mua hàng qua điện thoại từ phía Công ty Vietnam Land, hai bên đã giao các vật liệu xây dựng với tổng trị giá là 59.853.700đồng, có bảng thống kê công nợ và có phiếu nhập kho do nhân viên và thủ kho của Công ty Vietnam Land ký nhận nên đây là cơ sở để xác định nghĩa vụ trả nợ của Công ty Vietnam Land. Do đó, đề nghị Hội đồng xét xử giữ y bản án sơ thẩm về việc buộc Công ty Vietnam Land thanh toán số tiền nợ gốc và lãi chậm trả tổng cộng là 21.427.687.000đồng.

Công ty Tân Tạo là chủ đầu tư dự án Khu dân cư Ecity Tân Đức giai đoạn II. Theo hợp đồng số 0201/HĐKT-10 ngày 02/01/2010 thể hiện Công ty Tân Tạo mua 1.000.000m$^3$ cát của Công ty Vietnam Land với giá trị thành tiền là 79.000.000.000đồng. Công ty Tân Tạo cho rằng đã thanh quyết toán xong hợp đồng với Công ty Vietnam Land nhưng chứng cứ mà Công ty Tân Tạo cung cấp là các phiếu ủy nhiệm chi chỉ ghi chung chung "thanh toán tiền thi công" chứ không ghi cụ thể quyết toán cho hợp đồng nào nên không có căn cứ chứng minh Công ty Tân Tạo đã thực hiện xong nghĩa vụ thanh toán tiền cho Công ty Vietnam Land cho nên khối lượng cát mà Công ty Quốc Linh bơm vào công trình hiện nay Công ty Tân Tạo đang hưởng lợi, vì vậy phải có nghĩa vụ hoàn trả vật hoặc thanh toán tiền. Nếu tính theo giá cát hiện nay khoảng 110.000đồng/m$^3$ thì với số tiền còn nợ là 14.182.984.200đồng quy ra tương ứng với khối lượng 264.000m$^3$ cát thì số tiền Công ty Tân Tạo phải thanh toán khoảng 30.000.000.000đồng nên Công ty Quốc Linh yêu cầu Công ty Tân Tạo phải liên đới nghĩa vụ cùng Công ty Vietnam Land trả số tiền nợ gốc và lãi chậm trả phát sinh từ hai hợp đồng mua và bơm cát ký ngày 30/12/2009 tổng cộng là 21.338.086.984đồng là có lợi cho Công ty Tân Tạo nên đề nghị Hội đồng xét xử chấp nhận. Đối với khoản tiền gốc và lãi nợ vật liệu xây dựng, Công ty Quốc Linh không yêu cầu Công ty Tân Tạo liên đới thanh toán.

Đại diện VKSND tỉnh Long An tham gia phiên tòa nhận xét về phần thủ tục tố tụng đảm bảo theo quy định. Về nội dung tranh chấp: Theo hợp đồng thỏa

6

thuận về cách thức giao nhận hàng và nghiệm thu được thực hiện là đo cát trực tiếp trên sà lan, Công ty Quốc Linh đã xuất hóa đơn, nhân viên Công ty Vietnam Land có ký xác nhận về khối lượng và Công ty Vietnam Land đã sử dụng 19 hóa đơn thể hiện số tiền nợ còn lại là 14.182.984.200đồng để làm thủ tục báo cáo thuế và hưởng tiền hoàn thuế VAT. Do đó, bản án sơ thẩm xử buộc Công ty Vietnam Land thanh toán cho Công ty Quốc Linh tiền nợ gốc và lãi tổng cộng là 21.427.687.000đồng là có căn cứ. Do Công ty Tân Tạo là chủ đầu tư đang thụ hưởng sản phẩm cát san lấp của Công ty Quốc Linh nhưng không chứng minh đầy đủ việc thanh toán tiền và không có biên bản nghiệm thu, thanh lý đầy đủ, rõ ràng đối với Hợp đồng mua cát với Công ty Vietnam Land nên bản án sơ thẩm buộc Công ty Tân Tạo phải có nghĩa vụ liên đới cùng Công ty Vietnam Land trả nợ cho Công ty Quốc Linh là có cơ sở. Tuy nhiên, đối với số tiền nợ từ việc mua bán vật liệu xây dựng, Công ty Tân Tạo không có hưởng lợi nên không phải thực hiện nghĩa vụ liên đới. Đề nghị Hội đồng xét xử sửa một phần bản án sơ thẩm, buộc Công ty Tân Tạo phải liên đới nghĩa vụ với Công ty Vietnam Land trả số tiền nợ gốc và lãi chậm trả phát sinh từ hai hợp đồng mua và bơm cát ký ngày 30/12/2009 tổng cộng là 21.338.086.984đồng; buộc Công ty Vietnam Land có nghĩa vụ trả cho Công ty Quốc Linh tiền nợ mua vật liệu xây dựng tổng cộng gốc và lãi là 89.600.989đồng.

## NHẬN ĐỊNH CỦA TÒA ÁN

- *Về thủ tục tố tụng:* Công ty Quốc Linh khởi kiện Công ty Vietnam Land có trụ sở chính đặt tại Khu Công nghiệp Tân Đức, huyện Đức Hòa về việc tranh chấp hợp đồng mua bán hàng hóa là loại tranh chấp phát sinh trong hoạt động kinh doanh, thương mại giữa pháp nhân với pháp nhân đều có mục đích lợi nhuận nên Tòa án nhân dân huyện Đức Hòa căn cứ vào các Điều 30, 35 và 39 của Bộ luật Tố tụng dân sự năm 2015 thụ lý giải quyết vụ án theo thủ tục sơ thẩm là đúng thẩm quyền.

- *Về nội dung:*

Theo sự thỏa thuận giữa các bên thì, do cát san lấp là loại hàng hóa đặc thù nên thống nhất nghiệm thu tại chỗ trên sà lan rồi bơm lên vị trí cần san lấp. Bằng cách thức giao hàng và nghiệm thu theo thỏa thuận này, trong thời gian từ ngày 06/01/2010 đến ngày 18/06/2010, Công ty Quốc Linh đã bơm được 517.315m$^3$ cát trị giá thành tiền cát và tiền công bơm tương ứng là 27.700.518.450đồng. Công ty Vietnam Land đã thanh toán được 13.517.534.250đồng, còn lại số tiền 14.182.984.200đồng chưa thanh toán.

Trước Tòa, Công ty Vietnam Land cho rằng, các phiếu thu, biên nhận do phía Công ty Quốc Linh cung cấp đều không có dấu, mộc (dấu tròn) của Công ty Vietnam Land, đồng thời giữa hai Công ty chưa tiến hành nghiệm thu về khối lượng cát đã thi công và cũng chưa đối chiếu công nợ nên không đồng ý thanh toán số tiền 14.182.984.200đồng. Sau khi xem xét nội dung các biên nhận do Công ty Quốc Linh xuất trình đã thể hiện Công ty Vietnam Land có cử các nhân viên là các ông Phạm Văn Thưởng, Nguyễn Văn Tèo và Nguyễn Ngọc Tòng đến kiểm tra, đo cát và ký xác nhận, đóng dấu giáp lai vào cùi biên nhận. Ngoài ra,

7

còn có chữ ký của các ông Hoàng Anh, ông Nguyễn Hùng… là người đại diện Công ty Phương Nam – đơn vị giám sát do chủ đầu tư cử đến giám sát và ký tên vào biên nhận, Đội an ninh trật tự và Ban kỹ thuật của khu công nghiệp Tân Đức cũng đã cử các ông Vũ Tiến Ngọc, Hồ Văn Tài, Nguyễn Đực Em… đến để giám sát và ký tên xác nhận. Trên cơ sở đó, Công ty Quốc Linh mới lập Bảng tổng hợp giao cát và bơm cát cung cấp cho Công ty Vietnam Land ký nhận đối chiếu và làm cơ sở xuất hóa đơn. Công ty Vietnam Land thừa nhận đã sử dụng 19 hóa đơn thể hiện số tiền 14.182.984.200đồng còn nợ làm thủ tục hoàn thuế VAT. Mặc khác, Công ty Vietnam Land có nhận tất cả 11 công văn yêu cầu thanh toán nợ nhưng không có ý kiến phản đối gì về khối lượng hàng hóa đã nhận. Do đó, đã có căn cứ chứng minh Công ty Vietnam Land còn nợ của Công ty Quốc Linh số tiền 14.182.984.200đồng. Bản án sơ thẩm chấp nhận yêu cầu của Công ty Quốc Linh, buộc Công ty Vietnam Land thanh toán cho Công ty Quốc Linh số tiền nợ gốc và lãi phát sinh từ hai hợp đồng mua và bơm cát ký ngày 30/12/2009 tổng cộng là 21.338.086.984đồng là phù hợp.

Xét thấy, Công ty Tân Tạo là chủ đầu tư dự án Khu dân cư Ecity Tân Đức giai đoạn II. Căn cứ hợp đồng số 0201/HĐKT-10 ngày 02/01/2010 thể hiện số lượng cát Công ty Vietnam Land san lấp cho chủ đầu tư là 1.000.000m$^3$, giá trị thành tiền là 79.000.000.000đồng. Công ty Tân Tạo cho rằng đã thanh toán xong nghĩa vụ đối với hợp đồng số 0201/HĐKT-10 ngày 02/01/2010 cho Công ty Vietnam Land. Tuy nhiên, Công ty Tân Tạo không chứng minh đầy đủ các chứng từ để chứng minh việc thanh quyết toán tiền đối với 1.000.000m$^3$ cho Công ty Vietnam Land. Các phiếu ủy nhiệm chi do Công ty Tân Tạo xuất trình chỉ có một phiếu chi ngày 25/01/2010 ghi *"Thanh toán tạm ứng 20% HĐ số 0201/HĐKT-10…"*, các phiếu còn lại ghi chung chung *"thanh toán tiền thi công"*, không thể hiện quyết toán cho công trình nào, trong khi đó trên thực tế Công ty Tân Tạo là chủ đầu tư đang thụ hưởng sản phẩm cát san lấp của Công ty Quốc Linh. Hiện nay Công ty Vietnam Land đang thi hành nhiều bản án khác nhau với số tiền thi hành án trên 31.000.000.000đồng nhưng không có điều kiện thi hành nên Công ty Quốc Linh yêu cầu tuyên bố một phần hợp đồng mua bán vô hiệu để đòi lại số lượng cát đã bơm vào dự án mà Công ty Tân Tạo đang thụ hưởng. Tuy nhiên, do đã có nhiều công trình xây dựng trên đó nên không thể buộc Công ty Tân Tạo hoàn trả lại bằng hiện vật khối lượng cát đang thụ hưởng mà phải quy ra giá trị bằng tiền tại thời điểm thanh toán. Số tiền là 14.182.984.200đồng tại thời điểm Công ty Việt Nam Land nợ tương ứng với khoảng 264.000m$^3$ cát bơm vào dự án của Công ty Tân Tạo đang thụ hưởng, nếu tính theo giá cát hiện nay tại văn bản số 1111/CBG-SXD ngày 24/4/2017 của Sở Xây dựng tỉnh Long An về việc công bố giá vật liệu xây dựng tháng 4 năm 2017 thì cát lắp có giá là 125.000đồng/m$^3$, số tiền Công ty Tân Tạo phải có nghĩa vụ thanh toán lên đến khoảng 33.000.000.000đồng. Do đó, lời phát biểu đề nghị của luật sư bảo vệ quyền và lợi ích hợp pháp của nguyên đơn đề nghị Hội đồng xét xử buộc Công ty Tân Tạo phải liên đới nghĩa vụ cùng với Công ty Vietnam Land trả cho Công ty Quốc Linh số tiền nợ gốc và lãi phát sinh từ hai hợp đồng

mua và bơm cát ký ngày 30/12/2009 tổng cộng là 21.338.086.984đồng là thấp hơn giá trị tài sản mà Công ty Tân Tạo đang hưởng lợi nên có cơ sở chấp nhận.

Đối với khoản tiền gốc và lãi nợ vật liệu xây dựng, tại phiên tòa phúc thẩm Công ty Quốc Linh không yêu cầu Công ty Tân Tạo liên đới thanh toán nên không xem xét trách nhiệm của Công ty Tân Tạo và cải sửa một phần bản án sơ thẩm đối với khoản tiền này.

Về án phí: Bản án sơ thẩm chỉ buộc Công ty Vietnam Land chịu án phí kinh doanh thương mại sơ thẩm là chưa chính xác mà cần phải buộc Công ty Tân Tạo liên đới cùng Công ty Vietnam Land chịu án phí kinh doanh thương mại sơ thẩm tương ứng với khoản tiền mà Công ty Tân Tạo có nghĩa vụ liên đới thanh toán cho Công ty Quốc Linh. Ngoài ra, Công ty Vietnam Land còn phải chịu án phí kinh doanh thương mại sơ thẩm tương ứng với khoản nợ vật liệu xây dựng thanh toán cho Công ty Quốc Linh. Các bên đương sự không phải chịu án phí kinh doanh thương mại phúc thẩm.

Các khoản khác không bị kháng cáo, kháng nghị có hiệu lực pháp luật.

*Vì các lẽ trên;*

Căn cứ khoản 2 Điều 308 của Bộ luật tố tụng dân sự năm 2015.

## QUYẾT ĐỊNH:

Không chấp nhận toàn bộ yêu cầu kháng cáo của Công ty Cổ phần Phát triển Đô thị Việt Nam; Chấp nhận một phần yêu cầu kháng cáo của Công ty Cổ phần Đầu tư và Công nghiệp Tân Tạo; Cải sửa một phần bản án kinh doanh thương mại sơ thẩm số 01/2017/KDTM-ST, ngày 16/01/2017 của Tòa án nhân dân huyện Đức Hòa, tỉnh Long An.

Áp dụng các Điều 30, 35, 147, 157, 271 của Bộ luật Tố tụng dân sự năm 2015; các Điều 288, 130, 131, 357 của Bộ luật Dân sự năm 2015; khoản 3 Điều 3, Điều 12, 13, 24, 50, 306 và Điều 319 Luật Thương mại năm 2005 và khoản 2 Điều 27 Pháp lệnh án phí lệ phí Tòa án của UBTVQH số 10/2009/UBTVQH12 ngày 27/02/2009.

*Tuyên xử:*

1. Buộc Công ty Cổ phần Phát triển Đô thị Việt Nam có nghĩa vụ liên đới cùng với Công ty Cổ phần Đầu tư và Công nghiệp Tân Tạo thanh toán cho Công ty TNHH Thương mại Dịch vụ Xây dựng Quốc Linh số tiền nợ gốc và lãi phát sinh từ hai hợp đồng mua và bơm cát ký ngày 30/12/2009 tổng cộng là 21.338.086.984đồng *(Hai mươi mốt tỷ ba trăm ba mươi tám triệu không trăm tám mươi sáu nghìn chín trăm tám mươi bốn đồng).*

2. Buộc Công ty Cổ phần Phát triển Đô thị Việt Nam có nghĩa vụ thanh toán cho Công ty TNHH Thương mại Dịch vụ Xây dựng Quốc Linh số tiền gốc và lãi phát sinh từ khoản nợ mua vật liệu xây dựng là 89.600.989đồng *(Tám mươi chín triệu sáu trăm nghìn chín trăm tám mươi chín đồng).*



Kể từ khi có đơn yêu cầu thi hành án của người được thi hành án, cho đến khi thi hành xong các khoản tiền, bên phải thi hành án còn phải trả thêm cho bên được thi hành án khoản tiền lãi tính theo mức lãi suất nợ quá hạn trung bình trên thị trường tương ứng với khoản tiền và thời gian chưa thi hành theo quy định tại Điều 306 Luật Thương mại.

3. Về án phí:

- Buộc Công ty Cổ phần Phát triển Đô thị Việt Nam có nghĩa vụ liên đới cùng với Công ty Cổ phần Đầu tư và Công nghiệp Tân Tạo nộp 129.338.087đồng *(Một trăm hai mươi chín triệu ba trăm ba mươi tám nghìn không trăm tám mươi bảy đồng)* án phí kinh doanh thương mại sơ thẩm, nhưng được khấu trừ tiền tạm ứng án phí do Công ty Cổ phần Phát triển Đô thị Việt Nam nộp 2.000.000đồng theo biên lai thu số 0009842, ngày 06/02/2017 và Công ty Cổ phần Đầu tư và Công nghiệp Tân Tạo nộp 2.000.000đồng theo biên lai thu số 0009843 ngày 06/02/2017 của Chi cục thi hành án dân sự huyện Đức Hòa.

- Buộc Công ty Cổ phần Phát triển Đô thị Việt Nam phải chịu 4.480.049đồng *(Bốn triệu bốn trăm tám mươi nghìn không trăm bốn mươi chín đồng)* án phí kinh doanh thương mại sơ thẩm sung công quỹ Nhà nước.

- Hoàn lại cho Công ty TNHH Thương mại Dịch vụ Xây dựng Quốc Linh tiền tạm ứng án phí 61.156.876đồng *(Sáu mươi mốt triệu một trăm năm mươi sáu nghìn tám trăm bảy mươi sáu đồng)* đã nộp theo biên lai thu số 0017233 ngày 12 tháng 3 năm 2012 của Chi cục thi hành án dân sự huyện Đức Hòa.

Trong trường hợp bản án, quyết định được thi hành theo quy định tại Điều 2 Luật thi hành án dân sự thì người được thi hành án dân sự, người phải thi hành án dân sự có quyền thỏa thuận thi hành án, quyền yêu cầu thi hành án, tự nguyện thi hành án hoặc bị cưỡng chế thi hành án theo quy định tại các Điều 6, 7 và 9 Luật thi hành án dân sự; thời hiệu thi hành án được thực hiện theo quy định tại Điều 30 Luật thi hành án dân sự.

Án xử phúc thẩm công khai có hiệu lực thi hành.

*Nơi nhận:*
- TAND cấp cao tại TP.HCM;
- VKSND tỉnh Long An;
- TAND huyện Đức Hòa;
- CCTHADS huyện Đức Hòa;
- Các đương sự;
- Lưu HS.

**TM. HỘI ĐỒNG XÉT XỬ PHÚC THẨM**
**THẨM PHÁN – CHỦ TỌA PHIÊN TÒA**

**Lê Quốc Dũng**

10