UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAYA DANGELAS, <br>     PLAINTIFF, <br> <br> v. <br> <br> QUOC LINH TRADING SERVICE <br> CONSTRUCTION COMPANY LIMITED; <br> TRAN, QUANG QUOC; AND <br> HUYNH, THI CAM LINH, <br>     DEFENDANTS. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO.: <br> 4:22-CV-003419 |

## PLAINTIFF'S RULE 26(f) CONFERENCE REPORT

COMES NOW, Plaintiff Maya Dangelas, by counsel, filing this Rule 26(f) Conference Report[1] pursuant to the Court's Order Setting Conference (Doc. 3), and respectfully submits as follows:

1. **A factual and legal description of the case that sets forth the elements of each cause of action and each defense.**

### PLAINTIFF'S CLAIMS

This action is brought by Dr. Maya Dangelas,[2] an American national,[3] against three alien Defendants who currently reside in Vietnam. Dr. Dangelas, is a reputable American educator,[4]

---

[1] Service of process on Defendants in Vietnam must strictly follow the Rules set forth of the Hague Convention which would take three (3) to six (6) months. (See Exhibit A.) As of this time, Defendants have not yet been served. For this reason, Plaintiff, via counsel, unilaterally drafted this report.

[2] Maya Dangelas, Ed.D (A/K/A Dang, Thi Hoang Yen). *See* https://en.wikipedia.org/wiki/Dang_Thi_Hoang_Yen.

[3] (Interchangeably "Plaintiff" or "Dr. Dangelas")

[4] Strongly believing that education is the key for the development and growth for the future generations, Dr. Dangelas founded and has served as Provost and Chairwoman of Tan Tao University ("TTU") since its inception. TTU, with the assistance of the then Provost of Rice University, Dr. Stephen Malcolm Gillis, uses curricula designed by Rice University in the United States. Also, using the model of Duke University in the U.S., TTU aspires to become the first Vietnamese university based on the U.S. model of education. Programs at TTU are taught in

economist, entrepreneur, businesswoman, and philanthropist who founded Tan Tao Group[5], including Tan Tao Investment and Industry Corporation (interchangeably "ITACO"), which is deemed as an American company pursuant to the Bilateral Trade Agreement ("BTA") between the U.S. and the Socialist Republic of Vietnam ("Vietnam").

As stated above, Plaintiff is an U.S. national and a citizen of the State of Texas. Plaintiff has resided in Houston, Texas since 2012.

Defendant Quoc Linh Trading Service Construction Company Limited ("Quoc Linh Company") is a citizen of Vietnam, a foreign state, because it was incorporated under the law of Vietnam, and its principal place of business is in Vietnam (115 Binh Tien 2 Hamlet, Duc Hoa Ha Ward, Tan An, Long An, Vietnam). Quoc Linh Company's owners/shareholders are Vietnamese nationals.

Defendant Tran, Quang Quoc (CEO of Quoc Linh Company) is a subject of Vietnam. He resides at 479 Binh Tien 2 Hamlet, Duc Hoa Ha Ward, Tan An, Long An, Vietnam.

Defendant Huynh, Thi Cam Linh (co-owner of Quoc Linh Company) is a subject of Vietnam. She resides at 479 Binh Tien 2 Hamlet, Duc Hoa Ha Ward, Tan An, Long An, Vietnam.

Service of process on Defendants in Vietnam must strictly follow the Rules set forth of the Hague Convention which would take three (3) to six (6) months. (See Exhibit A.) As of this time, Defendants have not yet been served. For this reason, Plaintiff, via counsel, unilaterally drafted this report.

---

English, and all TTU students are required to take liberal arts courses which account for 25% of their academic programs. *See* https://ttu.edu.vn/about/president-office/?lang=en; and https://en.wikipedia.org/wiki/T%C3%A2n_T%E1%BA%A1o_University.
[5] *See* https://en.wikipedia.org/wiki/Tan_Tao_Group .

## JURISDICTION

A.  **Subject Matter Jurisdiction.**

   **Diversity**

   Plaintiff is bringing claims under federal statutes, thus invoking 28 U.S.C. § 1331.

   Plaintiff is also bringing claims under 28 U.S.C. § 1332 (a) (2).

   > 28 U.S.C. § 1332 - Diversity of citizenship; amount in controversy:
   >
   > (a)  *The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –*
   > (1)  citizens of different States;
   > (2)  *citizens of a State and citizens or subjects of a foreign state,* except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State. . . .
   >
   > * * * * *
   >
   > (c)  For the purposes of this section and section 1441 of this title--
   >
   > (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . .

28 U.S.C. § 1332 (a) (2). (Emphasis added.)

   The matter in controversy in this action exceeds the sum or value of $75,000.00.

B.  **Subject Matter Jurisdiction Under Federal Law.**

   **Federal Causes of Action**

   1.   Violation of the Fifth Amendment and the Fourteenth Amendment to the United States Constitution.

   2.   Defendants aided and abetted Ho Chi Minh Stock Exchange, an instrumentality of Vietnam, in expropriating and thus giving effects to the principles of international law in a case in which *other rights to property* is asserted by Plaintiff, based upon *other taking* by an act of an instrumentality in violation of

the principles of international law, directly and/or indirectly in violation of 22 U.S.C. § 2370 (e) (2) (as amended in 1964).[6]

3. Defendants' conduct is in violation of international laws and treaties, and caused Plaintiff damage. Defendants violated and/or aided and abetted Ho Chi Minh Stock Exchange in violation of the BTA between the United States and the Socialist Republic of Vietnam on Trade Relations.[7]

**Supplemental Claims under Texas Law**

1. Continuous Negligent Misrepresentation.

2. Interference with Contractual and Business Relationship.

C. **Personal Jurisdiction.**

This Court has personal jurisdiction under long-arm jurisdiction pursuant to Fed. R. Civ. P. 4 (k)(2) of the Federal Rules of Civil Procedure.

> Under Rule 4(k)(2), the plaintiff must prove: (1) the claim at issue arises from federal law; (2) the defendant is not subject to any state's courts of general jurisdiction; and (3) exercising jurisdiction is consistent with the United States Constitution and law. The plaintiff has the burden to show the first two prongs, and the

---

[6] 22 U.S. Code § 2370 (e) (2)

(e) NATIONALIZATION, EXPROPRIATION OR SEIZURE OF PROPERTY OF UNITED STATES CITIZENS . . . Notwithstanding any other provision of law, no court in the United States shall decline on the ground of the federal act of state doctrine to make a determination on the merits giving effect to the principles of international law in a case in which a claim of title or other rights to property is asserted by any party including a foreign state (or a party claiming through such state) based upon (or traced through) a confiscation or other taking after January 1, 1959, by an act of that state in violation of the principles of international law, including the principles of compensation and the other standards set out in this subsection: Provided, That this subparagraph shall not be applicable (1) in any case in which an act of a foreign state is not contrary to international law or with respect to a claim of title or other right to property acquired pursuant to an irrevocable letter of credit of not more than 180 days duration issued in good faith prior to the time of the confiscation or other taking, or (2) in any case with respect to which the President determines that application of the act of state doctrine is required in that particular case by the foreign policy interests of the United States and a suggestion to this effect is filed on his behalf in that case with the court.

[7] *See* a true and correct copy of the Bilateral Trade Agreement between the United States and the Socialist Republic of Vietnam on Trade Relations, which is incorporated into this Complaint and attached hereto as Exhibit 9.

burden then shifts to the defendant to show that application of jurisdiction would be unreasonable.[8]

See Lang Van, Inc. v. VNG Corporation, No. 19 – 56452 (9th Cir. 2022) for an in- depth analysis of personal jurisdiction under long-arm jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2).

(1) The claim at issue arises from federal law: the Fifth Amendment and the Fourteen Amendment to the U.S. Constitution; 22 U.S.C. § 2370 (e) (2); (2) Defendants are not subject to any state's courts of general jurisdiction; and (3) exercising jurisdiction is consistent with the United States Constitution, law, and the 2001 BTA of the U.S. and Vietnam.

## RELEVANT FACTS

**ITACO: an American-Vietnamese Success Story.**

ITACO *is an American Company*.[9] Under the leadership of Dr. Dangelas, constructs and operates industrial parks throughout the country. Those industrial parks provide foreign investors a "one door service." Through ITACO, foreign investors obtain the facilities, material, and labor that they need to operate in Vietnam without being forced to wait through years of administrative steps otherwise required for a foreign investor to set up a presence in Vietnam. ITACO's industrial parks offer jobs to hundreds of thousands of underserved citizens and improve their lives in other ways – namely by transforming the landscape and offering utilities (schools, hospitals, waste-treatment plants, and other facilities) that Vietnam's corruption-ridden bureaucracy does not provide.

The three defendants in this case are Vietnamese citizens. Defendant Quoc Linh Company is owned by Defendant Huynh, Thi Cam Linh whose father is the Secretary General

---

[8] Fed. R. Civ. P. 4(k)(2) states: (2) Federal Claim Outside State-Court jurisdiction. For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws.
[9] As defined by the 2001 BTA between the United States and Vietnam.

of the Long An Communist Party. Quoc Linh Company is a limited liability company which is owned and controlled by both Defendant Tran, Quang Quoc and Defendant Huynh, Thi Cam Linh. Recently, Quoc Linh Company and both Defendant Tran, Quang Quoc and Defendant Huynh, Thi Cam Linh (daughter of the Chairman of Long An Province) have aided and abetted Ho Chi Minh Stock Exchange, an instrumentality of Vietnam in liquidating ITACO – a U.S. multi-billion company – on the basis of an alleged small contractual debt (with fraudulent documentation) amounting to less than USD 1 million. That alleged debt results from a contract between one of Quoc Linh's contractors, VietNam Urban Development Company, hereinafter referred to as "VietNam Land," and Quoc Linh Company. ITACO was not a party to that contract. However, ITACO has been unreasonably and unjustly found liable for a debt arising out of that contract on the basis of false and corrupt evidence.

Quoc Linh Company's fraudulent claims were used to urge ITACO into bankruptcy and thus Plaintiff lost millions of dollars.

## RELIEF REQUESTED

1. Economic and compensatory damages in the amount of **$28,497,074.00;**
2. Actual damages including specific and general damages in amounts to be determined at trial;
3. Exemplary damages in the amount of **$300,000,000.00;**
4. Pre-judgment and post-judgment interest at the maximum rate allowable by law;
5. Such other and further relief available under all applicable state and federal laws and any relief the court deems just and appropriate

**2.     The date the Rule 26(f) conference was held, the names of those persons who attended, and the parties they represented.**

Counsel for Plaintiff at the present time could not schedule a Rule 26(f) conference with counsel for Defendants, as Defendants reside in Vietnam; and Service of Process must be done via the Hague Convention which would take from three (3) to six (6) months. (See Exhibit A – Memorandum Regarding Service of Process via the Hague Convention attached to this Rule 26(f) Conference Report.) Under Federal Rule 4(f) service by mail is allowed only if the Defendant's country does not oppose. Vietnam opposed service of process by mail according to the HCCH (Hague Conference on Private International Law – Conférence de La Haye de droit international privé) website.[10]

Counsel for Plaintiff unilaterally prepared a draft of the case management plan and served to Defendants. As such, the case management plan would be filed by Counsel for Plaintiff.

        **MESTEMAKER, STRAUB & ZUMWALT**
        By:  */s/ David K. Mestemaker*
        **David K. Mestemaker**
        State Bar No. 00793002
        dkm@mandsattorneys.com
        **(Do not use this email for service of documents)**
        Mestemaker, Straub & Zumwalt
        3100 Timmons Lane, Suite 455
        Houston, TX  77027
        (713) 626-8900 Telephone
        (713) 626-8910 Telecopier
        Service email: **Contact@mandsattorney.com**

        **Minh-Tam "Tammy" Tran**
        State Bar No. 20186400
        **THE TAMMY TRAN LAW FIRM**
        Email: ttran@tt-lawfirm.com
        2915 Fannin Street
        Houston, Texas 77002

---

[10] https://www.hcch.net/en/states/authorities/details3/?aid=1054

Telephone: (713) 655-0737

**COUNSEL FOR PLAINTIFF**

3. **A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

    Currently, there are no related state or federal cases.

4. **An agreed discovery/case management plan, if agreement can be reached, which will be used by the court to prepare a Scheduling Order (a sample Scheduling Order form is attached). The parties are encouraged to submit a completed Scheduling Order with their joint conference report, including proposed deadlines for the following:**

    a. Joining additional parties;
    b. Filing amended pleadings;
    c. Disclosing expert testimony pursuant to FED. R. CIV. P. 26(a)(2) and Local Rule CV-26(b);
    d. Completing all discovery;
    e. Filing motions, including motions to transfer, to remand, to exclude or limit expert testimony, to dismiss, and for summary judgment.

    Pending service on Defendants under the Hague Convention, Plaintiff unilaterally proposes the Scheduling Order attached as "EXHIBIT A" to this Rule 26(f) Conference Report and requests the Court to enter same.

5. **A suggested date for the Final Status Conference (see attached list of the Court's available Final Status Conference dates), at which time the final pretrial conference and the trial will be scheduled.**

    Plaintiff proposes July 1, 2024 for the Final Status Conference.

6. **The expected length of trial and whether it will be to a jury or the bench.**

    Plaintiff believes that the trial should be completed in 7 days.

7. **Whether the parties jointly consent to trial before a magistrate judge.**

    Plaintiff does not consent to trial before a magistrate judge at this time.

8. **Whether the parties request a conference with the court pursuant to FED. R. CIV. P. 16(b) before entry of the Scheduling Order.**

Plaintiff does not request a Rule 16(b) conference before entry of the Scheduling Order.

Dated:  October 28, 2022

      Respectfully submitted,

**MESTEMAKER, STRAUB & ZUMWALT**
By:  */s/ David K. Mestemaker*
**David K. Mestemaker**
State Bar No. 00793002
dkm@mandsattorneys.com
**(Do not use this email for service of documents)**
Mestemaker, Straub & Zumwalt
3100 Timmons Lane, Suite 455
Houston, TX  77027
(713) 626-8900 Telephone
(713) 626-8910 Telecopier
Service email: **Contact@mandsattorney.com**

**THE TAMMY TRAN LAW FIRM**
*/s/   Minh-Tam Tran*
**Minh-Tam "Tammy" Tran**
State Bar No. 20186400
Email: ttran@tt-lawfirm.com
2915 Fannin Street
Houston, Texas 77002
Telephone: (713) 655-0737
Telecopier: (713) 655-0823

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2022, a true and correct copy of the above and foregoing Joint Conference Report was served upon all parties or their counsel of record contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(1), using the CM/ECF system, which will send notice of electronic filing to all counsel of record, and by certified mail, return receipt requested.

By:  */s/ David K. Mestemaker*
**David K. Mestemaker**