UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAYA DANGELAS, <br>    *PLAINTIFF*, <br><br> v. <br><br> QUOC LINH TRADING SERVICE CONSTRUCTION COMPANY LIMITED; TRAN, QUANG QUOC; AND HUYNH, THI CAM LINH, <br>    *DEFENDANTS*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO.: <br> 4:22-CV-003419 |

**PLAINTIFF MAYA DANGELAS' MOTION TO SEEK LEAVE OF THE COURT FOR PERMISSION TO EFFECT ALTERNATE MEANS OF SERVICE IN ACCORDANCE TO RULES 4(f) AND 4(h) OF THE FEDERAL RULES OF CIVIL PROCEDURE, VIETNAM'S AGREEMENT UNDER ARTICLE 10 (A), (B), AND (C) OF THE HAGUE CONVENTION, AND RELEVANT CASE LAW**

Pursuant to the Court's May 10, 2023, Order, Plaintiff Maya Dangelas files her Motion to seek leave of the Court for permission to effect alternate means of service as follows:

**I.**

**Formal Service Under Article 5 of the Hague Service Convention Via the Ministry of Justice of Vietnam as a Central Authority is Impossible**

1. The Honorable Magistrate (the "Court") held a Status Conference Hearing on May 10, 2023, and considered the plight and dilemma of Dr. Maya Dangelas, a U.S. entrepreneur, educator, philanthropist, and citizen who invested

1

hundreds of millions in the Socialist Republic of Vietnam. It means that this resiliently courageous and heroic lady, who fought against the communist system to free the investors: service through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "HSC"), must serve through the Ministry of Justice of the Socialist Republic of Vietnam (MOJ of Vietnam), the designated Central Authority for service of process on citizens of Vietnam. (*See* Exhibit 1: true and correct copy of Article 5 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.)

2.      However, Dr. Maya Dangelas is currently suing the Socialist Republic of Vietnam (Vietnam) in two pending International Arbitrations[1], nobly and resiliently fighting against Vietnam for violations of the trade treaties between the United States and Vietnam by committing horrifying acts of corruption, bribery, property takings, humanitarian war crimes, and extortion against the many investors and their families, and notably, U.S. investors, taking away their properties and investments in Vietnam.  (*See* Exhibit 2: Affidavit Minh-Tam Tran, General In-house Counsel representing Dr. Maya Dangelas and Tan Tao Investment & Industry Corporation ("ITACO") in the ITACO Arbitration and the Kien Luong Arbitration.)

---

[1] 1) PCA Case No. 2020-05 - *Dr. Maya Dangelas, U.S. Global Institute, Inc., and Angels Company, Inc. v. The Socialist Republic of Vietnam*; and
 2) PCA Case No. 2023-06: *Dr. Maya Dangelas and Tan Tao Investment & Industry Corporation v. The Socialist Republic of Vietnam*.

Ironically, the MOJ of Vietnam represents Respondent Vietnam as General In-house Counsel in both Arbitrations (together with outside co-counsel). Thus, the MOJ has a serious conflict of interest to serve as the central authority under the Hague Service Convention in this case.

3.  In short, it is impractical and virtually impossible to expect the MOJ of Vietnam, as the Central Authority, to neutrally effect formal service on citizens of Vietnam, the Defendants in this case, for Dr. Dangelas, especially in this case, Dr. Dangelas is suing three (3) Vietnamese citizens who created and conspired with Vietnam's organs to take away Plaintiff's properties. (*See* Exhibit 2: Affidavit Minh-Tam Tran, General In-house Counsel representing Dr. Maya Dangelas and ITACO case.)

4.  Consequently, at the hearing on May 10, 2023, after considering the pleadings, the documents, and counsel's representation, the Court then ordered Plaintiff Dangelas to file a motion seeking leave of the Court for permission to effect alternate means of service in accordance with Rules 4(f) and 4(h) of the Federal Rules of Civil Procedure, Vietnam's agreement under Article 10 (a), of the Hague Convention, and relevant case law. (*See* the Court's Order, Document Number 15.) *After reviewing the relevant rules, statutes, treaties, and case law, Plaintiff files this Motion seeking leave to effect service through postal channels under Article 10(a), which is the Article applicable to the circumstances of this case.*

## II.
## Hague Service Convention's Article 10 (a) Methods
## Allows Service by Postal Channels

5. Fed. R. Civ. P. 4(f) and (h) govern service on individuals and entities outside the United States.

6. Specifically, Fed. R. Civ. P. 4(h) provides that an entity outside the United States may be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery."

7. Specifically, Fed. R. Civ. P. 4(f)(1) provides that "**an individual**–other than a minor, an incompetent person, or a person whose waiver has been filed–**may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents**." (The "HSC.")

8. The HSC <u>does indeed</u> permit service by "postal channels" in countries that do not object to it.

9. Art. 10(a) of the HSC allows service by mail or courier–FedEx or UPS in addition to the post office. (*See* Exhibit 1: The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, incorporated into and attached to Minh-Tran's Affidavit.)

10. Art. 10(a) of the HSC further provides that unless the destination states

4

the objects, "the present Convention shall not interfere with—*a)* the freedom to send judicial documents, by postal channels, directly to persons abroad." (*See* Exhibit 1: The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.)

      11.    Most importantly, Viet Nam acceded to the Hague Service Convention on March 9, 2016, and expressed qualified reservations regarding article 10(a):

> 4. The Socialist Republic of Viet Nam does not oppose to the service of documents through postal channels mentioned in paragraph a of Article 10 of the Convention *if the documents forwarded via postal channels are sent via registered mail with acknowledgement of receipt*.

(*See* Exhibit 3: Instrument of Accession, emphasis added; attached and incorporated hereto; *see* also Exhibit 4: Hague Convention website[2] for Vietnam's Central Authority.) (Emphasis added.)

      12.    In this case, all Defendants are either individuals or entities located outside the United States. Although the HSC authorizes service through the Central Authority, that is effectively impossible in this case for the reasons discussed above and at the status conference on May 10, 2023. Fortunately, the law of the United States and Viet Nam both allow the service of citation through mail under certain conditions. Specifically, to comply with United States law, the citation must be addressed and sent by the Clerk of the Court. Also, to comply with Vietnamese law,

---

[2] https://www.hcch.net/en/states/authorities/details3/?aid=1054
https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1337&disp=resdn

the mailing must require acknowledgment of receipt by the Defendants.

## III.
## Fed. R. Civ. P. 4(f)(2)(C)(ii) Requires International Service by Mail to be Addressed and Sent by the Court's Clerk

13. Therefore, Plaintiff respectfully requests that the Court enter an order authorizing service under Fed. R. Civ. P. 4(f) and Article 10(a) of the Hague Convention, directing the Clerk of the Court to send citations to:

1) Defendant QUOC LINH TRADING SERVICE CONSTRUCTION COMPANY LIMITED at 115 Binh Tien 2 Hamlet, Duc Hoa Ha Ward, Tan An, Long An, Vietnam;

2) Defendant HUYNH, THI CAM LINH at 115 Binh Tien 2 Hamlet, Duc Hoa Ha Ward, Tan An, Long An, Vietnam; and

3) Defendant TRAN, QUANG QUOC at 115 Binh Tien 2 Hamlet, Duc Hoa Ha Ward, Tan An, Long An, Vietnam.

14. Pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii), Plaintiff respectfully requests the Court to cause the Clerk to address and send international service by mail to:

1) Defendant QUOC LINH TRADING SERVICE CONSTRUCTION COMPANY LIMITED at 115 Binh Tien 2 Hamlet, Duc Hoa Ha Ward, Tan An, Long An, Vietnam;

2) Defendant HUYNH, THI CAM LINH at 115 Binh Tien 2 Hamlet, Duc Hoa Ha Ward, Tan An, Long An, Vietnam; and

3) Defendant TRAN, QUANG QUOC at 115 Binh Tien 2 Hamlet, Duc Hoa Ha Ward, Tan An, Long An, Vietnam.

Respectfully submitted,

**MESTEMAKER, STRAUB & ZUMWALT**
By: */s/ David K. Mestemaker*
**David K. Mestemaker**
State Bar No. 00793002
dkm@mandsattorneys.com
**(Do not use this email for service of documents)**
Mestemaker, Straub & Zumwalt
3100 Timmons Lane, Suite 455
Houston, TX 77027
(713) 626-8900 Telephone
(713) 626-8910 Telecopier
Service email:
**Contact@mandsattorney.com**

**CAGLE & ASSOCIATES**
By: */s/ R. Jack Cagle*
**R. JACK CAGLE**
**State Bar No. 03591850**
The Texas Justice Center
4900 Fournace Place, STE #200
Bellaire, Texas 77401
(713) 927-0720 Telephone

**THE TAMMY TRAN LAW FIRM**
By: */s/ Minh-Tam Tran*
**Minh-Tam "Tammy" Tran**
State Bar No. 20186400
Email: ttran@tt-lawfirm.com
2915 Fannin Street
Houston, Texas 77002
Telephone: (713) 655-0737
Telecopier: (713) 655-0823

7

**COUNSEL FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a copy of the foregoing was served upon all counsel of record via CM/ECF System on this 2nd day of June 2023.

By: */s/ Minh-Tam Tran*
MINH-TAM (TAMMY) TRAN