IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAYA DANGELAS,<br>    *Plaintiff*, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. 4:22-cv-03419 |
| QUOC LINH TRADING SERVICE<br>CONSTRUCTION COMPANY<br>LIMITED, QUANG QUOC TRAN,<br>and THI CAM LINH HUYNH<br>    *Defendants*. | §<br>§<br>§<br>§<br>§ | |

**Plaintiff's Motion for Substituted Service**
**Under Federal Rule of Civil Procedure 4(f)(3)**

Plaintiff Maya Dangelas seeks leave of Court to effect service on Defendants via international courier or email and in support respectfully shows the Court as follows:

**Relevant Procedural Background**

1.    On October 13, 2022, Plaintiff filed her first amended complaint. [Doc. 5].

2.    On June 6, 2023, Plaintiff filed a motion for leave to effect service by alternative means under Rule 4(f) and Article 10 of the Hague Convention. [Doc. 16]. As Plaintiff explained in that motion, Defendants are in Vietnam. The Hauge Convention requires service through the Ministry of Justice of the Socialist Republic of Vietnam. [Doc. 16].

3.    However, Plaintiff also explained that she is currently suing the Republic of Vietnam in two pending international arbitrations in which Vietnam's Ministry of Justice serves as counsel to the defendants. [Doc. 16 at ¶¶ 1-2]. Because the Defendants in the case at bar work closely with the Vietnamese government, the Ministry of Justice has a significant conflict of interest to effect proper service, and the Ministry of Justice has failed to do so. [Doc. 14 at ¶¶ 12-14].

4. Accordingly, on June 23, 2023, this Court granted Plaintiff's motion to effect service on Defendants under Rule 4(f) and Article 10 of the Convention. [Doc. 18]. Specifically, the Court ordered the Clerk of the Court to send service by international mail to all Defendants. [Doc. 18].

5. Unfortunately, all of the Clerk's mailings were returned as "undeliverable." [Doc. 20, 21, and 22]. On June 23, 2023, the Clerk attempted to serve Defendants via registered mail at 115 Binh Tien 2 Hamlet, Duc Hoa Ha Ward, Tan An, Long An, Vietnam. [Doc. 19]. Eleven months later, all the mailings were returned as "undeliverable" by the Vietnamese postal service. [Doc. 20, 21, & 22]. Notably, the failure of service appears to be due to the fact that, although at the same street address, Defendants' address is now listed as 115 Binh Tien 2 Hamlet, Duc Hoa Commune, Tay Ninh Province, Vietnam. That is, while it appears the street address the Clerk used is correct, the Republic of Vietnam has reclassified the commune and province where this address is located.

6. To break this bureaucratic, at best, gridlock, Plaintiff has confirmed all Defendants' current business addresses in Vietnam and current email addresses and now seeks leave of Court to effect service on all Defendants under Rule 4(f) and Article 10 of the Convention via international courier or email using those addresses.

## Argument and Authorities

### I. Special circumstances warrant service by international courier under Rule 4(f)(3).

7. Because the Court has already found alternative service under Rule 4(f)(3) to be appropriate, Plaintiff will not belabor this point other than to point out that such alternative service remains necessary and appropriate. "Rule (f)(3) is not a last resort or a type of extraordinary relief for a plaintiff seeking to serve process on a foreign defendant." *In re OnePlus Tech. (Shenzhen) Co., Ltd.,* 2021 WL 4130643 at *3 (Fed. Cir. Sept. 10, 2021) (citing *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). "To the contrary, Rule 4(f)(3) stands

165955885.4

independently on equal footing with other methods of service under Rule 4(f)." *Element Capital Commercial Co. Pte. Ltd. v. BOE Tech. Group Co., Ltd.*, 2022 WL 4368162 at *2 (E.D. Tex. Sept. 21, 2022) (Gilstrap, J.). "[C]ourts typically order service under Rule 4(f)(3) after considering the delay and expense of conventional means of service in conjunction with special circumstances that justify intervention." *Id.*

8.      "The Federal Rules of Civil Procedure expressly envision granting alternative service when [as has been the case here] a Hague member takes too long to complete service…" *WSOU Investments LLC v. Oneplus Tech. (Shenzhen) Co. Ltd.,* 2022 WL 4126007 at *3 (W.D. Tex. Sept. 9, 2022) (Albright, J.). Because, as the Court previously found, the Vietnamese Ministry of Justice of the Socialist Republic of Vietnam has a conflict of interest that has appeared to interfere with service in Vietnam, [Doc. 18], and the Vietnamese national postal service took eleven months *to not deliver* the Clerk's mail service to the very address at which the business is *still located*, service under Rule 4(f)(3) remains appropriate and a reliable, alternative means of service.

9.      "Once a district court has exercised its discretion and determined that service under Rule 4(f)(3) is warranted, the court must consider whether the requested means of alternative service comports with due process as to each defendant." *Element Capital Commercial Co. Pte. Ltd. v. BOE Tech. Group Co., Ltd.,* 2022 WL 4368162 at *2 (E.D. Tex. Sept. 21, 2022). To comport with due process "[t]he method of service crafted must be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* Here, the individual Defendants are executives of the Defendant entity. Plaintiff seeks leave to effect service on Defendants via international courier with proof of delivery at the Defendants' principal place of business.

10.    Service by a recognized international courier that delivers daily in Vietnam, such as FedEx, UPS, or DHL, is reasonably likely to deliver citation and summons to each Defendant and verify for the Court such successful delivery. Notably "[s]ervice of process by international courier has been widely permitted under the Hague Convention, with some courts construing service of process by postal channels to include service of process by international courier." *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, No. 1:10-CV-564, 2013 WL 12178588, at *3 (S.D. Ohio Aug. 21, 2013).

11.    Accordingly, district courts have repeatedly and widely found service by courier complies with due process. *See, e.g., Aerielle Techs., Inc. v. Procare Int'l Co.,* 2011 WL 767775 *1-3 (E.D. Tex. Feb. 28, 2011); *KPN B.V. v. Corcyra D.O.O.*, No. 08 CIV. 1549 (JGK), 2009 WL 690119, at *2 (S.D.N.Y. Mar. 16, 2009); *TracFone Wireless, Inc. v. Bequator Corp.*, 717 F. Supp. 2d 1307 (S.D. Fla. 2010); *Jenkins v. Pooke*, No. C 07-03112, 2009 U.S. Dist. LEXIS 18975, (N.D. Cal., Feb, 17, 2009); *R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100 (D. Nev. 1996) (upholding service by Federal Express as a "postal channel" under Article 10(a) of the Hague Convention); *Power Integrations, Inc. v. Sys. Gen. Corp.*, 350 F. Supp. 2d 1294 (N.D. Cal. 2004). Simply put, "[s]ervice by international courier is reasonably calculated to give the Foreign Defendants actual notice of the suit and afford them an opportunity to present their objections. The signatories to the Hague Convention have agreed that such service by international mail would be proper…" *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, No. 1:10-CV-564, 2013 WL 12178588, at *4 (S.D. Ohio Aug. 21, 2013). "Moreover, Plaintiff will be able to obtain a receipt as evidence of completed service. Thus, it is reasonable to conclude that [the]Foreign Defendants will receive service when it is delivered via international courier." *Id.*

**II.     Service by email is also proper under Rule 4(f)(3).**

**A.  The Hague Convention does not prohibit service by email.**

12.     Service by email is appropriate in this case and Plaintiff wishes to attempt that method of service as a belt to the suspenders of service by courier she has requested *supra.* Federal district courts, including some of those cited in the prior paragraph have also found service by email to be appropriate and in accordance with the requirements of due process. "Rule 4(f) also permits service 'by other means not prohibited by international agreement, as the court orders.'" *Id.* (citing Fed. R. Civ. P. 4(f)(3)). "District courts throughout the Fifth Circuit agree that the Hague Convention does not explicitly prohibit service by email." *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzen) Tech., Ltd.,* 2022 WL 1913613 at *4 (W.D. Tex. June 2, 2022) (collecting cases). In pertinent part, Article 10(a) of the Hague Convention provides that if "the State of destination does not object, the present convention shall not interfere with the freedom to send judicial documents, by postal channels, directly to persons abroad." *Convention Done at the Hague November 15, 1965;* T.I.A.S. No. 6638 (U.S. Treaty Feb. 10, 1969).

13.     Here, Defendants are entities and individuals residing in Vietnam. Vietnam is a signatory to the Hague Convention.[1] Notably, Vietnam only objected to the means of service listed in Article 10 and did not explicitly object to electronic service.[2] And "[w]here a signatory nation has objected to only those means of service listed in Article 10, a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article 10." *STS Products,* 2020 WL 13413995 at *5.

14.     Notably, "the Fifth Circuit has previously allowed email service of defendants located in China." *Sino Star Glob. Ltd. v. Shenzhen Haoqing Tech. Co., Ltd.,* 2023 WL 2759765 at *2 (E.D.

---

[1] *Hague Conference on Private International Law,* (March 21, 2024), HCCH | #14 - Status table.
[2] *See Id.* (Bottom of table by clicking D in last column).

Tex. Apr. 3, 2023) (Mazzant, J.) (citing *Viahart,* 2022 WL 445161 at *3)). And China, like Vietnam, "is a signatory to the Hague Convention and has objected to service via postal channels under Article 10(a)." *Monolithic Power,* 2022 WL 1913613 at *2.

15.     Moreover, "district courts are more likely to permit alternative service by email if [as is the case here] service in compliance with the Hague Convention was attempted." *Terrestrial Comms LLC v. NEC Corp.,* 2020 WL 3270832 at *3 (W.D. Tex. June 17, 2020) (collecting cases). The Clerk attempted service by international mail to all Defendants. [Doc. 18].  Eleven months later, the last of these mailings were all returned as "undeliverable." [Doc. 20, 21, and 22]. Plaintiff has attempted in good faith to adhere to the Hague Convention but to no avail.

**B. Email service is reasonably calculated to notify the Defendants of this case because Plaintiff has procured the addresses from viable sources, has sent test emails, and has attempted other means of service prior to this motion.**

16.     "To satisfy due process requirements, courts that have permitted service of process through international email service have done so when, for example, the parties have shown prior successfully transmitted communications through the proposed email addresses and when email was one of the multiple forms of service attempted." *STS Products,* 2020 WL 13413995 at *6. Courts have also found that email service comports with due process when the email addresses are found on a company's government filing. *See Sino Star,* 2023 WL 2759765 at *2.

17.     As discussed *supra* and as the Clerk's record shows, Plaintiff has already attempted to effect service on the Defendants under the Hauge Convention, all of which has been unsuccessful. Moreover, Plaintiff "sent [] email[s] to the email addresses and none 'bounced back' as undeliverable." *Viahart,* 2022 WL 445161 at *3. [Exhibit A]. Plaintiff received the Defendants' first email address from the Secretary of the Economic Court – People's Court of Ho Chi Minh City. [Exhibit B]. Plaintiff received the Defendants' second email from each company's business

registration certificate filed with the Vietnamese provincial business registration office. [Exhibit C]. Because "[Plaintiff] has demonstrated that [she] has previously sent email correspondence to the addresses in question without issue and that at least one of the addresses comes from a governmental filing made by [Defendants]," the Court should find "email service [on the Defendants] comports with due process as it is reasonably calculated to apprise the defendant of the suit." *Sino Star,* 2023 WL 2759765 at *2 and authorize email service in addition to service on each Defendant by international courier.

### III.   The Court can order that all Defendants are deemed served upon mailing the summons and international service by mail.

18.   Under Rule (f)(3), service of process may be effected "by other means not prohibited by international agreement, *as the court orders.*" Fed. R. Civ. P. 4(f)(3) (emphasis added). Because Defendants have continued to dodge service via international mail, the Court can order that the Defendants are deemed served upon the mailing of international delivery. Indeed, this Court. Judge Rosenthal presiding, did just that for international mail service by the Clerk in a related case. [Exhibit D].[3]

**Prayer**

19.   Plaintiff respectfully requests the Court enter an order authorizing service under Rule 4(f)(3) to send citations via FedEx, international delivery, and email to:

  i.   Defendant Quoc Linh Trading Service Construction Company Limited at 115 Binh Tien 2 Hamlet, Duc Hoa Commune, Tay Ninh Province, Vietnam and by email to xaydungquoclinh@gmail.com; ctyxaydungquoclinh@gmail.com; and congtyquoclinh036@gmail.com

---

[3] While Plaintiff submits that the Court may proceed to find any Defendant for whom an international delivery of process is returned, if the Court will only consider service upon mailing complete when the Clerk sends service by international postal service, Plaintiff would request that the Court re-authorize such service as a third alternative to allow the Court to proceed if Defendants thwart or ignore all three methods of service.

ii. Defendant Huynh, Thi Cam Linh at 115 Binh Tien 2 Hamlet, Duc Hoa Commune, Tay Ninh Province, Vietnam and by email to xaydungquoclinh@gmail.com; ctyxaydungquoclinh@gmail.com; and congtyquoclinh036@gmail.com

iii. Defendant Tran, Quang Quoc at 115 Binh Tien 2 Hamlet, Duc Hoa Commune, Tay Ninh Province, Vietnam and by email to xaydungquoclinh@gmail.com; ctyxaydungquoclinh@gmail.com; and congtyquoclinh036@gmail.com

Dated: April 29, 2026                    Respectfully submitted,


                                         */s/ William S. Helfand*
                                         William Scott Helfand
                                         SBOT: 099388250
                                         S.D. Federal No. 8791
                                         Andrew A Pidgirsky
                                         SBOT: 24013331
                                         S.D. Federal No. 3320408
                                         Lewis Brisbois Bisgaard Smith LLP
                                         24 Greenway Plaza
                                         Suite 1400
                                         Houston, TX 77046
                                         Phone 713-659-6767
                                         Fax: 713-759-6830
                                         Email: bill.helfand@lewisbrisbois.com
                                         Email: andrew.pidgirsky@lewisbrisbois.com

                                         Minh-Tam Tran
                                         SBOT: 20186400
                                         S.D. Federal No. 328541
                                         Tammy Tran Attorneys at Law, LLP
                                         4900 Fournace Pl.
                                         Suite 418
                                         Bellaire, TX 77401
                                         Phone 832-372-4403
                                         Email: ttran@tt-lawfirm.com

                                         David Kent Mestemaker
                                         SBOT: 13974600
                                         S.D. Federal No. 14410
                                         Mestemaker Straub
                                         3100 Timmons Lane
                                         Suite 455
                                         Houston, TX 77027
                                         Phone 713-626-8900
                                         Email: dkm@mandsattorneys.com

165955885.4

CERTIFICATE OF SERVICE

On April 29, 2026, I filed this document electronically using and in accordance with the Court's local rules regarding CM/ECF filing.

/s/ William S. Helfand
William S. Helfand

165955885.4